## EDWIN B. NEVILLE

*v.*

## SCHOOL DIRECTORS DIST. NO. 1, T. 32 N., R. 2 W., 3RD P. M.

1. SCHOOL TEACHER — *may be discharged for incompetency or neglect of duty.* Where a teacher obtains the proper certificate of qualification from the school commissioner, and is employed to teach a common school, he may no doubt be discharged by the directors of the district, for incompetency or neglect of duty, but it devolves upon the directors to prove the fact.

2. CERTIFICATE OF QUALIFICATION — *prima facie evidence.* The granting of a certificate of qualification, by the school commissioner to a teacher, is *prima facie* evidence of the fact of his competency, and when directors discharge such a teacher, after he has been employed, they assume the burthen of proving the existence of the grounds for which he is discharged.

3. TEACHER — *his qualifications.* The law does not require the highest order of talent, capacity and qualifications in a teacher, but he must possess at least qualifications equal to the average of his profession, as a teacher.

WRIT OF ERROR to the Circuit Court of Marshall county, the Hon. SAM'L L. RICHMOND, Judge, presiding.

This was an action of assumpsit commenced by Edwin B. Neville against the school directors of district No. 1, T. 32 N., R. 2 W., 3rd P. M., in the Putnam Circuit Court. The case was afterwards sent to Marshall county, on a change of venue.

The declaration averred, that in August, 1862, defendants employed plaintiff to teach a school in the district known as the Hennepin Graded School, for the term of ten months, to commence the 8th of September, 1862 ; and agreed to pay him $500 for his services. Having procured the proper certificate of qualifications, and presented the same to the directors at the specified time, he entered upon the performance of his contract, and taught the school until the 24th day of December, 1862, when defendants wrongfully dismissed him from the school, and refused to permit him to longer teach. That he was ready and willing to have done so at all times, but was thus prevented,

and thereby thrown out of employment. There were also the usual common counts.

Defendants pleaded the general issue and a special plea, that he did not have and present a certificate of qualifications; a third plea, that he did not keep proper schedules as required by law; and *fourth*, that plaintiff was incompetent and negligent, and was dismissed for that reason. Issue was joined on the first three pleas, and a replication was filed to the fourth, traversing the plea, upon which issue to the country was joined.

At the May term, 1864, of the Marshall Circuit Court, the cause was tried by the judge, by consent of the parties, who waived the intervention of a jury.

On the trial, plaintiff proved the employment; that he taught about four months. Had obtained and produced a certificate of qualifications from the school commissioner; and that defendants had discharged him from their employment, about the 24th of December, 1862, and he had been unemployed during the balance of the time for which he was employed to teach.

The evidence in reference to the qualifications of plaintiff, and as to his proper attention to the school, was voluminous; a portion of which tended to prove both of these facts. On the other side, there was much evidence, a portion of which tended to prove incompetency and neglect of duty, but as the evidence is fully discussed in the opinion of the court, it is not necessary to be given here.

The court, on the evidence, found the issues for the defendants, whereupon plaintiff entered a motion for a new trial, which was overruled by the court, and a judgment in bar, and for costs, was rendered against plaintiff. And he, to reverse the judgment, prosecutes this writ of error. The record presents the question, whether the finding of the court below is against the weight of evidence.

Messrs. BANGS & SHAW, for the Plaintiff in Error.

Messrs. BURNS & CUMMINS, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought for the recovery of the sum agreed to be paid to plaintiff as a teacher of a public school. He was employed by the directors to teach the higher class, and to act as principal of the school for the period of ten months. After he had taught four months, the directors, two favoring and one objecting, dismissed him, and gave him notice of their action. During the remaining six months of the period for which he had been employed, he was unengaged, and he now claims the right to recover for the remainder of the term, having received payment for the time he was engaged in teaching. It is claimed, that the directors violated their agreement, and discharged plaintiff without cause, whilst they insist that he was incompetent, and neglected his duty as a teacher.

The order first spread upon the record kept by the directors, dismissing plaintiff, specifies no reason for the action of the board. A subsequent and amended order, however, was made, in which incompetency and neglect of duty are assigned as the causes. This, however, is perhaps unimportant, as such an order is not conclusive upon plaintiff, leaving the directors to prove the facts they allege in the order, precisely as if it had not been made. It is, nevertheless, binding on the directors, and estops them from showing any other or different causes.

On the question of competency there is much evidence, and we think it fails to establish the want of competency. The proof shows, that he acquired a knowledge of the higher branches of education in college, and a classmate of his testifies, that he was proficient, and kept up with his class. A witness who seems to have been a competent judge of scholarship, and who had acquired his education at Knox College, says that he had tested plaintiff's scholarship. That he proposed a mathematical problem not in the books, and plaintiff solved it, which he could not have done without a good knowledge of the science. And from the testimony of the school commissioner, we

5 — 36 ILL.

must conclude that he was fully satisfied with his scholarship and qualifications, when he granted the certificate.

Opposed to this evidence is that of several pupils of his school. One of them says she stated proposition nine, in book three of algebra, and lost the chain of reasoning necessary to its solution, but used the reasoning applicable to proposition ten. but she says the reasoning applicable to these propositions is very similar, and that plaintiff did not detect the erroneous reasoning. This witness also states, that she was reading history in Latin, and whilst parsing she governed a noun in the accusative, which she afterwards found, by the sign of the case, was in the dative. That after some deliberation plaintiff said it was right. The sentence is not given, and we have no means of determining whether the teacher or the pupil was right, but we are not inclined to suppose that a pupil, no farther advanced than this witness seemed to have been, was very well qualified to determine the question, and especially so, when it was not discovered by the rules of syntax, but the sign indicating the case.

Another witness, who had himself been a teacher, says he was present on one occasion, and heard a class in grammar parse a lesson. That plaintiff parsed a verb which Brown and others class as neuter, as an active transitive verb. This may be strictly true, and still be no evidence of a want of qualification, or that he was inattentive or negligent of his duty. We know that grammarians differ widely in their classification of verbs into active and neuter. For aught that appears, he may be fully sustained by other writers on grammar. This seems to afford no evidence of the want of qualification.

Some of the pupils testify, that they made but little progress, whilst others say they advanced rapidly under his tuition. This is no doubt true of nearly every school taught by the most competent and diligent teachers. And it is to be expected, from the difference in capacity, industry and application of pupils. The diversity of taste, the difference in mental energy, to say nothing of natural ability, fully account for such a result.

There was also a considerable amount of evidence, intro-

duced to prove neglect of duty and inattention to the pupils in their recitations and otherwise. There is no evidence that he was irregular in his attendance during school hours, or that he was deficient in the government of the school. He seems to have assiduously employed his time whilst discharging his duties as a teacher. Still it is manifest that there was dissatisfaction in the school, but to what extent, or for what reason it existed, does not appear. That it was for the want of application and industry we think fails to appear. Whether it was the result of unfounded prejudice, the want of popular manners, or the want of harmony in sentiment on questions engaging the attention of the community, or some other cause, we are unable to determine.

It is urged, that neglect of duty is established by a variety of circumstances. Amongst them is the fact that he failed to hear recitations of one pupil until the second week of the school. As to this, there was a contrariety of evidence, and the fact is at most left in doubt. There was also some evidence tending to prove that he lost too much time in forming the school into classes, when he first took it in charge; but there was other evidence that it was done in the usual time. In the nature of things, it must be a matter of some difficulty, and must require time to ascertain the mental capacity and the advancement of pupils, adapting them for particular classes in the various branches of education. And it is no doubt true, that as it is not merely arbitrary or mechanical, the time employed would vary with different teachers. So this, if true, would not strike us as affording evidence of a neglect of duty, unless it was unreasonably protracted, which does not appear in this case.

There was some evidence, that on an examination day a portion of the scholars were absent from the school room without obtaining permission. But there was also other evidence to prove that they only retired to a different room for purposes of study, by the direction of plaintiff.

There was evidence that some of the pupils read from their books during recitations. But the evidence also shows that

these scholars so arranged their books that plaintiff in error could not readily detect the deception. Even if this did occur on one or two occasions, it is not evidence of neglect of duty, as such a fraud may no doubt be readily practiced on a teacher, if pupils are so disposed.

It also appears, that some of the scholars desired to study geography, but were not permitted. It appears that in this he acted under the request of one of the directors, and there is no evidence that the other two required it to be taught. Nor is there proof that it was, under the circumstances, necessary or proper that he should have formed such a class. His time seems, from the evidence, to have been fully occupied with other branches. There was also a number of witnesses who testified that he was diligent in the employment of his time, and successful in communicating knowledge to his pupils.

Upon a careful examination of all the evidence in the case, we are unable to say that it appears that he was unqualified, or failed to perform the duties of a teacher. His certificate of qualification, obtained from the school commissioner, is *prima facie* evidence of that fact. And the commissioner states that the examination was satisfactory. It then devolves upon the directors to show a want of qualification, which they have failed to do; but, on the contrary, the evidence decidedly preponderates in favor of his qualification. And we think the evidence entirely fails to prove neglect of duty. It may be that the evidence fails to show the highest possible qualifications, or a talent for his profession equal to the most eminent and successful teachers. But the law requires no such qualifications; it only requires average qualification and ability, and the usual application to the discharge of the duties of a teacher, to fulfill his contract. That he is such a teacher we think the evidence does establish. We are therefore of the opinion that the Circuit Court erred in finding for the defendants, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*