EASTMAN v. THE DISTRICT TOWNSHIP OF RAPIDS.

1. **Tender:** NOT SUFFICIENT. A mere readiness, willingness, or proposition to pay a certain sum, without more, does not constitute a tender.

2. **Contract:** TEACHER'S. In a contract to teach a public school the teacher undertook " to faithfully and impartially govern and instruct the children, * * * * to strictly conform to the rules and regulations

established by the board of directors, * * * to perform all the duties required by the provisions of section 41, part 8, of the school laws of the State," and that the sub-director should have power to dismiss the teacher for a violation of any of the stipulations of the contract. *Held*, that a failure to manage and govern the school constituted sufficient ground to warrant the dismissal, by the sub-director, of the teacher, though the teacher was not unfaithful in efforts to discharge the duties assumed by the contract.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 28.

ON the 4th day of November, 1865, plaintiff entered into an agreement with the director of sub-district No. 1, of the district township of Rapids, to teach a public school for a term of fourteen weeks, for which she was to receive $35 per month.

She undertook on her part to "faithfully and impartially govern and instruct the children, * * to strictly conform to the rules and regulations established by the board of directors, * * to perform all the duties required of her by the provisions of section 41, part 8, of the school laws of the State." It was further provided, that if she should be dismissed by the sub-director for a violation of any of the stipulations of the contract, she should not be entitled to compensation from and after that time. She taught some eight or nine weeks, and was then dismissed by the sub-director, upon the ground, as he claimed, that she did not teach a good school; did not control the scholars and could not; that the scholars were spending their time uselessly, and that she had violated the terms of her contract. After the time fixed for the expiration of the term, she brought this suit, claiming compensation for the whole time, insisting that she was dismissed without cause, &c. The cause was

submitted to the court, who found for the plaintiff to the full amount of her claim ($140), and defendant appeals.

*Thompson & Davis* for the appellant.

*Smyth & Young* for the appellee.

WRIGHT, J.—Something is said about a tender by defendant of the amount which was admitted to be due plaintiff, at the rate of thirty-five dollars per month for the time she actually taught. There was no proof of such tender, however. A mere readiness or willingness to pay is not sufficient. Nor will a proposition on the part of the school board to pay so much, without more, amount to a tender.

*1. TENDER: not sufficient.*

Whether the contract in suit was binding because not filed with nor approved by the president of the board, is entirely immaterial for the purposes of this case. And the same is true of two other points made, the one by the appellant and the other by the appellee. The first is, that the contract was not signed by the sub-director. The second, that under the law the board alone has power to dismiss a teacher, and cannot delegate that power (as was done by a general resolution of the board in this instance) to the sub-director. We say that these inquiries are *immaterial*, because it is admitted that the director did make this contract, that plaintiff undertook to teach under it, and though he never put his name to it until after this action was commenced, this is the only contract upon which the parties can rely to either recover or defend in this action. And inasmuch as plaintiff, by this contract, conceded the right of the sub-director to dismiss her for a violation of the stipulations thereof, she cannot now insist that she was not dismissed by the proper authority.

*2. CONTRACT: teacher's.*

And in thus holding, there is the less difficulty, from the fact that the board did afterward, after a full hearing of both parties and all the testimony, ratify and confirm the action of the sub-director. This leaves but two questions. The one is, Was she properly dismissed the school? If not, then secondly, Is she entitled to recover the contract price for the whole time fixed by the contract, or only at that rate for the time she taught, with damages resulting from the breach of the contract?

We answer the first inquiry in the affirmative, and this renders a response to the second unnecessary. The testimony satisfies us that the director had a clear right, by the terms of the contract, to dismiss plaintiff, and that there was such failure on her part to fulfill said contract as to justify his interposition.

It may be even conceded that plaintiff was not unfaithful in the discharge of her duties, and still the ruling should have been the other way. The fair inference is that the school was different, in the size of the scholars, many of them being larger than she had been accustomed to teach, and though she had the promised aid of the school officers, she could and did not control the school. In other words, she undertook more than she was able to accomplish.

This she could not know in advance, nor could any one very well. But though she was ever so faultless in her efforts, if she could not manage the school, and because of this inability "the school was a failure," "the scholars were not subject to her control," "did not learn," as the witnesses in these various forms express it, there was no obligation on the director to continue the school under her instruction, but upon being satisfied of these facts he could properly declare her engagement at an end.

We do not propose to refer to the testimony leading us to this conclusion. It is sufficient to say that there is no

conflict when we refer to the testimony of the scholars. Nor is there little, if any, when we refer to those sending to the school. In addition to this we have the deliberate action of the sub-director, who seems to have made the order after a careful and candid examination of all the circumstances. After this the directors of the district made a like inquiry, having testimony from both sides, and reached the same conclusion. Without giving to this action any thing like conclusive weight, we nevertheless give it much consideration, as we should in examining such a question. These local tribunals — acting, it is true, as the officers of the district, and yet really personally disinterested — must necessarily and properly, while acting within the scope of their powers, be invested with a large discretion, and great weight is deservedly due to their action. And in a case where we have the concurrent action of the board and sub-director, sustained by the decided weight of the testimony, the safer rule, a rule due alike to the interest of schools and warranted by the language and reason of the law, is to sustain the local tribunals. And our opinion, therefore, is that the court below erred in finding for the plaintiff to the full amount of her claim.

The cause will be reversed and remanded for trial *de novo*, unless plaintiff shall elect to accept the amount offered to be paid by defendant, in which event the court below will make the proper order on the subject of costs.

Reversed.