## LARKIN JONES v. SCHOOL DISTRICT No. 47.

1. SCHOOL DISTRICTS; *Jurisdiction of Justice of the Peace.* A justice of the peace has no jurisdiction of a suit against a school district where the amount claimed exceeds one hundred dollars.

2. PRACTICE; *Petition Error to Justice.* Upon reversal by the district court of the judgment of a justice of the peace, the case must be retained by that court for trial and final judgment.

3. TEACHER'S CONTRACT; *Action for Services.* A teacher teaching school for a district without written contract, is entitled to receive the reasonable value of the services performed.

*Error from Neosho District Court.*

JONES brought suit before a justice of the peace against *School District No. 47, Neosho Co.,* to recover $150 alleged to be due the plaintiff as assignee of H. C. W. for three months' services of said H. C. W. as a teacher of the district school under "a certain contract" made by and between the district board of said School District No. 47 and said H. C. W. The defendant appeared specially and moved to dismiss the action, because, 1st, the justice had no jurisdiction, the amount claimed being over one hundred dollars; 2d, the contract sued was not in writing. The justice overruled the motion, and on final hearing gave judgment for plaintiff for $150. The defendant removed the cause to the district court by petition in error, when said judgment, at the March Term, 1871, was reversed. *Jones* thereupon asked that the district court retain said action "for trial and final judgment as in cases of appeal," which motion was overruled, and final judgment for costs given against the plaintiff. *Jones* now brings the case here on error.

*Stillwell & Baylies*, for plaintiff in error:

Justices have original jurisdiction *in all civil actions*, except

as limited and restricted by ch. 81, Gen. Stat., where the amount claimed does not exceed $300: Ch. 81, § 2; Laws of 1870, Ch. 88, § 1. This was a civil action for the recovery of money only, and the amount claimed was only $150, and the justice had jurisdiction.

This jurisdiction has not been impaired or taken away by the act relating to common schools: Gen. Stat., Ch. 92, § 86. And besides, that section has been virtually abrogated by subsequent legislation: Ch. 88, Laws of 1870, § 1.

*Hutchings & O'Grady*, for defendant in error:

1. The justice had no jurisdiction, the amount claimed being more than $100. Ch. 92, § 86, Gen. Stat.

2. The bill of particulars did not state a cause of action. The contract sued on was oral, and therefore void. The contract with a school teacher must be in writing, and must be filed with the clerk of the district. No action can be brought upon a verbal contract for teacher's wages. Gen. Stat., Ch. 92, § 45.

3. The proceeding before the justice being void, the district court could not retain the case "as upon appeal." The provision authorizing such proceedings (civil code, § 566,) applies only where the justice had jurisdiction, but has erred in giving judgment.

The opinion of the court was delivered by

BREWER, J.: The first question in this case is as to the jurisdiction of justices of the peace in actions against school districts. In ordinary cases they have jurisdiction where the amount claimed does not exceed *three* hundred dollars: Gen. Stat., p. 774, § 2; Laws of 1870, 181, § 1. But in the Gen. Stat., p. 932, § 86, we find this provision: "Justices of the peace shall have jurisdiction in all cases in which a school district is a party interested, when the amount claimed by the plaintiff shall not exceed *one* hundred dollars." This provision is found in the act in relation to common schools. It is in the nature of

1. Actions against school districts: jurisdiction of justices.

an exception to and a limitation on the general rule. While in most cases justices may have jurisdiction where the plaintiff claims any amount not exceeding three hundred dollars, yet they cannot take cognizance of any case against a school district where the plaintiff claims over one hundred dollars. True, the section giving the general jurisdiction is, as amended in 1870, a later enactment than the one making the exception; but the latter is not in terms repealed. We may not conclude that the legislature intended to abolish the exception by changing the rule. We must give force to both if possible. The exception is as fit to the rule as amended, as to the rule before amendment. The exception therefore is in force, and the justice erred in taking cognizance of this suit against the school district, the amount claimed being one hundred and fifty dollars.

The judgment before the justice was void, and the school district might have treated it as a nullity. It however filed a 2. Practice; petition in error in the district court and obtained petition in error to justice. there a judgment of reversal. Plaintiff then asked that the case be retained in the latter court for trial and final judgment as in cases of appeal. This he had a right to. Gen. Stat., p. 742, § 566. Both parties were in court. The district court had jurisdiction of the subject-matter, and the language of the statute is imperative—" the same shall be retained by the court for trial and final judgment."

Another point requires notice. The bill of particulars filed with the justice alleged a teacher's contract with the district, but whether written or verbal was not disclosed. The testi- 3. School teach- mony showed that it was verbal. Section 5, p. ers; contract; may recover 925, Gen. Stat., requires teachers' contracts to be value of ser- vices. in writing. It does not follow from this that the district can have the benefit of the teacher's services without compensating him therefor. The teacher or his assignee can recover of the district, not the stipulated price, but the reasonable value of the services actually performed. The law implies a contract from the doing and accepting of the work.

The judgment of the district court reversing the judgment

of the justice will be affirmed, and the order of that court over-ruling the motion of plaintiff to have the cause retained for trial will be reversed, and the case remanded for further proceedings in accordance with this opinion. The costs in this court will be charged against the defendant.

All the Justices concurring