## C. M. ALBINSON, *et al.*, v. J. ROBERTS.

PLEADINGS; *Cases removed from Justice's Court to the District Court.* Where a judgment of a justice of the peace is taken to the district court on error, and reversed, and the case retained for trial, and no order for pleadings is entered, and the amount in controversy is less than $100, it is not error to overrule a motion to dismiss the case for want of a petition.

*Error from Cloud District Court.*

ROBERTS brought an action in a justice's court against *Albinson* and two others, which was removed by petition in error to the district court. The district court found error in the proceedings of the justice, and reversed his judgment, and retained the action for trial. At the August Term 1873 of the district court the defendants moved that the action be dismissed because no petition had been filed, which motion was overruled and an exception taken. A trial by the court was then had. The court found for the plaintiff, and rendered judgment in his favor for $70.87½ and costs. The defendants bring the case here on error.

*L. J. Crans,* for plaintiffs in error:

1. The court erred in overruling the motion to dismiss for the reason that no petition had been filed.

2. The court erred in trying the action without the inter-
11—13 KAS.

vention of a jury—a jury trial not having been *waived* by the plaintiffs in error or their counsel. Const., § 5, Bill of Rights; Civil Code, §§ 266, 289. There was no written consent in person or by attorney filed with the clerk, or oral consent in open court entered upon the journal conferring such right on the court. There was no issue joined; (3 Kas., 433, 212;) and until issue joined between the parties there was .nothing to try, and no form of trial to waive. The filing of a justice's transcript on appeal in the district court, merely gives jurisdiction without service of summons, but presents no issue whatever.

3. The court erred in rendering a judgment, there being no verdict or legal finding. on which to found the same. When the proceedings of a justice of the peace are reversed "the same shall be retained by the court for trial and final judgment *as in cases of appeal.*" (Gen. Stat., 742, § 566.) As the code nowhere determines what the words, "as in cases of appeal," mean, we must seek the meaning of the legislature elsewhere. This we find in § 107, ch. 121, Comp. Laws 1862, p. 635, then in force regulating appeals—"the parties shall proceed in all respects in the same manner as though the action had been originally instituted in the said court." The code provides what proceedings shall be had in the district court in actions originally instituted there. This court construed § 107 in *Tarleston v. Brily*, 3 Kas., 433. In construing statutes we are compelled to examine others in *pari materia.* Sec. 566 can only be explained by reference to § 107, ch. 121, Comp. Laws 1862, and the latter section is as much· a part of the former as though it had been textually inserted therein. The legislature when it passed the civil code intended that error cases held for trial should be tried as appeals were according to laws then existing. It could change the mode of trial of either. It has seen fit to change the mode of trial on appeals. If § 107 had been textually inserted in § 566 the amendment of § 124 of the justices act, (Laws of 1871, p. 184,) could not in any wise change § 566. To give such force to the amendment of said § 124 as the

district court gave, is in contravention of § 16, art. 2 of the constitution.

*Noble & Gray*, and *C. W. McDonald*, for defendant in error:

1. It was not required that the plaintiff should file new pleadings when the cause had been placed on the docket for trial as on appeal: Laws of 1870, § 7, p. 184; Civil Code, § 566.

2. As to a jury being waived, no error appears affirmatively on the record. The cause came on to be heard, and the defendant failed to plead, answer, or demur. It was a case on default. There is no evidence that the defendant's attorney was present at the trial. When the defendant fails to appear it is not necessary that the record shall show that plaintiff waived a jury. Civil Code, § 289; 8 Kas., 621.

The opinion of the court was delivered by

BREWER, J.: Defendant in error obtained judgment before a justice of the peace against the plaintiffs in error, which judgment was reversed on petition in error by the district court. The case was there retained for trial, and subsequently judgment again rendered in favor of the defendant in error. To reverse this second judgment this proceeding in error is instituted. The first ground of error is, the overruling by the district court of the motion to dismiss for want of a petition. The civil code (Gen. Stat., 742, § 566,) provides that a case reversed shall be retained for trial and final judgment "as in cases of appeal." Now, counsel claims that by the law as it stood at the time of the enactment of the code, under the decision of this court in *Tarleston v. Brily*, 3 Kas., 433, pleadings were required in cases of appeal, and hence argues that pleadings were also essential in cases of error. Counsel has overlooked the fact that in 1867, and subsequent to the decision in *Tarleston v. Brily*, the legislature expressly declared that no pleadings should be necessary in appeal cases where the amount in controversy was less than one hundred dollars. (Laws 1867, p. 78, § 9.) The amount in controversy

here is less than one hundred dollars. Hence by the counsel's own argument no pleadings were essential in this case, and the court did not err in overruling the motion to dismiss for want of a petition. We may say that independent of the line of argument pursued by counsel, and appropriated by us, we think the court did not err in overruling the motion to dismiss for want of a petition.

It is also objected that the record does not show any waiver of a jury, and that therefore a trial by the court was erroneous. The action was on a promissory note. No denial under oath was filed. The defendants were in default. They did not demand a jury. The plaintiff makes no objection to the record. We see no error.

The judgment will be affirmed.

All the Justices concurring.