SCHOOL DISTRICT No. 23, BOURBON COUNTY, v. JOSEPH McCOY.

1. SUPREME COURT—*Matter Held to be True.* Where a certain matter is alleged as a fact in the petition, and the same is admitted by the answer, and no question is raised in the trial court with regard to its truthfulness, such matter must be held to be true in the supreme court, although the evidence introduced in the trial court may seem to show that the same is not true.

2. SCHOOL TEACHER, *Mode of Procedure to Dismiss.* Sec. 24, art. 4, of the school laws of 1876, (Comp. Laws of 1879, ¶ 5156, p. 830,) provides, among other things, that "the district board in each [school] district, . . . in conjunction with the county superintendent, may dismiss [a school teacher] for incompetency, cruelty, negligence, or immorality." *Held,* That under said section, the school board, acting in conjunction with the county superintendent, in dismissing a school teacher for incompetency, etc., is not a court, and need not act with the formality of a court, but may adopt such a mode of procedure as such board and the county superintendent may for the time being consider the best and the most likely to do justice and promote the best interests of the public; and where the board and county superintendent dismiss a school teacher for incompetency, and the school board then pays the school teacher the full amount of his compensation up to that date, and afterward the school teacher sues the school district for compensation for the full amount of the time for which he was engaged, the school district may set up as a defense the dismissal of the school teacher, and that he was in fact incompetent; and if the school district prove on the trial both the dismissal and the incompetency of the school teacher, the district will have made a full and complete defense, although the proceedings had at the time of the dismissal may have been informal and no record kept thereof.

*Error from Bourbon District Court.*

ACTION brought by *McCoy* against *School District No. 23,* in Bourbon county, to recover for wages claimed by him as a teacher in said district. Trial at the December Term, 1881, of the district court, before W. C. W., judge *pro tem.* presiding, and a jury. Judgment for plaintiff against the defendant *School District,* which brings the case to this court. The opinion states the facts.

*J. D. McCleverty,* and *J. H. Sallee,* for plaintiff in error.

*A. A. Harris,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Bourbon county by Joseph McCoy against School District No. 23 of that county, to recover for wages claimed by him as a school teacher in such district from January 4, 1881, up to the time of the commencement of this action, on March 25, 1881, at $40 per month. The case was tried before the court and a jury, and a verdict and judgment were rendered in favor of the plaintiff and against the defendant for $115 and costs. The defendant brings the case to this court for review.

It appears from the record, that on September 11, 1880, the school district employed McCoy to teach a school for eight months in that district, for $40 per month. He taught the school from September 13, 1880, up to January 4, 1881, when he was discharged by the district board, in conjunction with the county superintendent of public instruction, for incompetency. Previous to this discharge, the district board requested the county superintendent to act in conjunction with it in an investigation of the charge of incompetency on the part of McCoy; and McCoy was notified of such proposed investigation, and at his request the investigation was adjourned a few days, and set for January 4, 1881. On that day the school-district board, in conjunction with the county superintendent, met at the district school house for the purpose of investigating the charge. McCoy and his attorney appeared, as did also a large proportion of the people of the district, including the school children. An investigation was had, but not upon written charges nor evidence under oath, but upon oral testimony, not under oath. The district board and county superintendent decided to discharge McCoy, and did discharge him; but no record of the discharge nor of any of the proceedings was kept or made. The board, however, at the time paid McCoy in full for his services up to that time, and made an entry of such payment on its records.

The evidence on the trial in the district court tended to show that the original contract employing McCoy to teach the school was not in writing, nor made by the school-district board as a board, but was made only in parol, and by the individual members of the board. Under the foregoing facts, the plaintiff in error, defendant below, claims that the following questions are involved, to wit: (1.) Must the contract between the school teacher and the school board, hiring him to teach, be in writing in order to be binding upon the school district, or may it be merely in parol? Upon this question, the plaintiff in error cites § 24, article 4 of the school law of 1876; Comp. Laws of 1879, p. 830; *Jones v. School District*, 8 Kas. 362. (2.) Must such contract or hiring be made by the school-district board as a board, or may it be made merely by the individual members thereof? Upon this question, the plaintiff in error cites *Aikman v. School District*, 27 Kas. 129; *Mincer v. School District*, id. 253. (3.) Is it necessary, under our law, before a school-district teacher can be dismissed for incompetency or for any other of the causes mentioned in § 24, article 4 of the school law of 1876, (¶ 5156 of the Comp. Laws of 1879,) that charges must be preferred in writing, notice in the nature of summons served on the teacher, and a formal trial had, as of a criminal in court upon sworn testimony?—or is it only necessary that the *fact* shall exist in order to warrant such dismissal? Or, in other words, if the school board, acting in conjunction with the county superintendent, should dismiss a school teacher for incompetency without any formal trial, and afterward if the school board should be sued by the school teacher for compensation for the remainder of the time for which he was engaged, and during which he was prevented by the school board, acting in conjunction with the county superintendent, from teaching, may not the school board rely upon the fact of the school teacher's incompetency, provided he is in fact incompetent, as a complete defense to such action?—or must the school board in all cases pay the school teacher for the

full amount of the teacher's time for which he was engaged, unless there has been a formal trial as to his incompetency, and a dismissal on such formal trial?

The defendant in error, plaintiff below, admits that the third question above mentioned is involved in this case, but denies that the other two questions are involved therein, or that they can properly be presented to this court for consideration. We are inclined to think that the defendant in error is correct. The defendant in error, plaintiff below, alleged in his petition below, among other things, as follows:

"That on the 11th day of September, 1880, at the request of said defendant, he agreed to and with said defendant that he would teach a common school in said district for a period of eight consecutive months, commencing on the 13th day of September, 1880, in consideration of which the defendant employed him to teach such school for said period, and agreed and promised to pay him therefor the sum of $40 per month for the full term of eight months, which sum of $40 per month he says his services were reasonably worth."

The defendant below answered these allegations by setting forth in its answer, among other things, as follows:

"Defendant admits that on the 11th day of September, 1880, defendant employed plaintiff to teach school in said district, as alleged in said petition, for a period of eight months, commencing on the 13th day of September, 1880, at the rate of $40 per month."

Hence it would seem from these allegations, that the question whether the original contract between the parties was valid, or not, or in writing, or not, or was made by the school-district board, or not, is not in the case; for it would seem that the defendant admitted in its answer that the contract as it was originally made was in every respect valid and binding upon the district, and no question was anywhere raised in the court below with reference to any irregularity or infirmity affecting the contract as it was originally made; and hence no such question can now be properly raised, or properly presented to this court for consideration. Any evidence introduced tending to show any defect in the original contract,

was therefore irrelevant, and outside of the issues in the case. We may perhaps properly say here that the counsel who now prosecute the case for the plaintiff in error, defendant below, in this court, had no connection with the case in the court below.

We shall now proceed to consider the third question above mentioned; and the decision of this question depends upon the interpretation that may be given to said § 24 of article 4 of the school laws of 1876. That section reads as follows:

"SEC. 24. The district board in each district shall contract with and hire qualified teachers for and in the name of the district, which contract shall be in writing, and shall specify the wages per week or month as agreed upon by the parties, and such contract shall be filed in the district clerk's office; and, in conjunction with the county superintendent, may dismiss for incompetency, cruelty, negligence, or immorality."

Under this section, the district court held substantially that the school board, acting in conjunction with the county superintendent in dismissing a school teacher for incompetency or otherwise, was substantially a court; that such court could have no jurisdiction to hear and determine the case, unless written charges in the nature of pleadings were in fact made and filed, and a regular notice in the nature of a summons given to the teacher, and a regular trial had between the parties, as in ordinary actions in regular courts of justice; that the testimony of the witnesses adduced on the trial could be given only under oath, duly administered by some competent officer authorized to administer oaths; that, in order that the proceedings should be of any validity, or have any force, a record of the same must be kept and preserved; that the fact that a school teacher might be actually incompetent, and actually dismissed for such incompetency, would be no defense to an action brought by the school teacher against the board for wages or hire agreed to be paid him, unless he had been regularly dismissed in strict conformity with the interpretation given by the trial court to said § 24 of the school law of 1876; and hence the court in the present case ex-

cluded all evidence that tended to show that the plaintiff in this case was in fact' incompetent, and also excluded all evidence tending to show the proceedings by the school board, in conjunction with the county superintendent, in dismissing the plaintiff as a teacher for such incompetency. The court also gave to the jury the following instruction, to wit:

"The court instructs you, that while it is lawful for a school board of any school district, in connection with the county superintendent of public instruction, to dismiss a teacher for incompetency, cruelty, negligence, or immorality, such board has not the power, either alone or in connection with the county superintendent, to dismiss a qualified teacher who has been duly employed by it for any cause other than those mentioned — incompetency, cruelty, negligence, or immorality — nor even for any or either of such causes, unless a plain and distinct charge in writing be made, setting forth the charge to be inquired into, and that the teacher have due and sufficient notice of such charge and of the time and place of hearing; and it is essential, in every case of lawful dismissal of a teacher, that a record be made of the charge, and of the hearing, and of the order or decision made upon such hearing by the school board and the county superintendent. It is also necessary that the testimony of witnesses upon the hearing should be given under oath, duly administered, and by some competent officer."

It seems to us that the district court committed error. The whole of the statute with reference to proceedings for the dismissal of school teachers is as follows:

"The district board in each district, . . . in conjunction with the county superintendent, may dismiss [a school teacher] for incompetency, cruelty, negligence, or immorality."

There is no statute anywhere to be found providing, either in terms or by implication, that the school-district board and the county superintendent when acting together shall constitute a court. There is no provision defining who shall be the presiding officer in such cases, or whether there shall be any presiding officer; no provision for a clerk, or sheriff, or marshal, or constable, or any other officer except themselves. There is no provision for the issuing or serving of writs or

18 — 30 KAS.

process; no provision for the filing of any pleadings; no provision for administering oaths to witnesses, or even for hearing the testimony of witnesses; no provision for reducing the proceedings to writing, or for preserving any record of the same; no provision for keeping any records; no provision for appeal or petition in error; nothing, in fact, in all the statutes that even squints toward the idea that the school-district board, acting in conjunction with the county superintendent, in the dismissal of a school teacher, acts as a court. But, on the contrary, the statute would seem to indicate that the proceeding is to be a mere summary proceeding, and to be carried on and determined in the mode which the district board and the county superintendent may for the time being consider the best, and the most likely to do justice and promote the best interests of the public. But why should the proceeding be held to be an action before a regular court of justice? If it be so held, then of course the defendant should have notice in the nature of a summons. He should have time to answer, and time to procure his witnesses; and should have the right to continuances, if necessary, for the purpose of procuring his testimony and preparing for trial. And after the trial, if he should feel aggrieved, or if either party should feel aggrieved, that party should have some means of carrying the proceeding to another and higher tribunal for further adjudication; for if the decision of the district board and the county superintendent is to be considered a judicial determination, then each party should have ample time and ample opportunity to obtain exact justice; but often before the case could be determined under such a mode of procedure, the time for which the teacher was employed would expire. A teacher is seldom employed for more than eight or nine months — that is, the school year — and is often employed for only three months.

But suppose, for the purposes of the argument in this case, that the district board, acting with the county superintendent, is in fact a court, and that in the present case the proceedings of such court were so irregular as to be absolutely void:

then upon what ground does the plaintiff below found his present action? If the proceedings were absolutely void, he was never dismissed; and if he was never dismissed, how can he maintain this action? There is no evidence that the school district ever in any other manner prevented him from teaching his school. The evidence simply seems to show that the school-district board and the county superintendent dismissed the plaintiff, and that he then received his pay up to that date and quit the school. Now if the dismissal was void, a mere nullity, as the plaintiff now claims, then of course there was no sufficient ground to justify his abandonment of his school. A void judgment is the same as no judgment. But suppose that the proceedings and the dismissal are not absolutely void, but only voidable, and have some force until set aside by proper authority: then he has no authority to treat them as void in this collateral proceeding. He must institute some direct proceeding to set them aside, or to perpetually enjoin their enforcement, or to nullify them in some other manner; but he cannot treat them as utterly void if they are not utterly void. Therefore it would seem that whether we consider the dismissal as valid, or void, or voidable, (provided we treat the dismissal as a judgment rendered by a court,) the plaintiff cannot maintain this action. If they are utterly void, as before stated, then he abandoned his school without sufficient cause. In our opinion, however, the proceedings are valid; and the dismissal is valid—but not valid as a judicial determination, but valid only as a dismissal by an employer (acting in conjunction with the county superintendent) of an employé.

As sustaining the views just enunciated, that the proceedings are valid, and legal, and proper, as a dismissal of an employé by an employer, and that the proceedings do not amount to an adjudication by a court of justice, see the following cases: *Holden v. School District*, 38 Vt. 529; *The People v. Board of Education of New York City*, 10 S. C. Rep. (3 Hun), 177; *Kirkpatrick v. Independent School District*, 53 Iowa, 585; *Neville v. School Directors*, 36 Ill. 71; see also

the cases of *Eastman v. The District Township*, 21 Iowa, 590 ; *School District v. Colvin*, 10 Kas. 283; *Armstrong v. School District*, 28 id. 345 ; also, *Tripp v. School District*, 50 Wis. 657. The case of *The People v. Board of Education of New York City*, ante, was decided by Judges Noah Davis, Charles Daniels, and Abraham R. Lawrence, of the supreme court of New York, first department, at general term ; and therefore it will be seen that although the case was not decided by a court of last resort, yet it was decided by a very able court and is entitled to great weight. It is almost directly in point. We shall have more to say with respect to the other cases hereafter.

On the other side of this case, the following cases are cited : *Morley v. Power*, 12 Cent. L. J. 540 ; *Murdock v. Trustees of Phillips Academy*, 29 Mass. (12 Pick.) 244.

Counsel for defendant in error also cites *Geter v. Comm'rs for Tobacco Inspection*, 1 Bay (S. C.), 354; *Singleton v. Comm'rs for Tobacco Inspection*, 2 id. (S. C.) 105. But these cases have no application to the present case, for they were simply actions of mandamus to compel the commissioners of tobacco inspection to restore the plaintiffs respectively to the office of inspector of tobacco, from which office each had been wrongfully removed, as he alleged; and they were not actions brought by school teachers, mere employés, to recover of their employers the contract price for their services. Neither has the case of *Murdock v. Phillips Academy* much application to the present case. That was an action brought by a "Brown professor of sacred rhetoric and ecclesiastical history in the theological seminary in Phillips academy in Andover;" and the place which he claimed to fill, and from which he was removed, was an *office*, which he was to hold from year to year, at a fixed salary of $1,500; and he was not a mere employé, as a school teacher is. There are also other differences between that case and the present one. The case of *Morley v. Power*, ante, comes the nearest being applicable to the present case of any cited by counsel for defendant in error; but that case probably has but little application to the present case, for the

reason that it would seem that in Tennessee, where the case was decided, the place claimed by the plaintiff was not that of a mere employé, as the place of an ordinary school teacher is, but was also that of an *officer*, being that of principal teacher of Watkins's seminary. The court, in deciding the case, treated the position which the plaintiff claimed as an *office*, and decided the case wholly upon that theory. Now if a school teacher is not an officer, then the foregoing decisions cited by counsel for defendant in error, plaintiff below, can have no application to the present case; and as before intimated, we think it is clear that he is not an officer, but only an employé. See also the case of *Searmont v. Farwell,* 3 Greenl. (Me.) 450.

In the case of *The People v. The Board of Education,* ante, 3 Hun, 179, the court uses the following language:

"The teachers employed in the public schools of the city [of New York] do not hold a public office. They are simply employés of the trustees of the schools in whose service they are engaged."

And in the same volume, on page 181, the court says:

"The delicate nature of the duty devolved upon the trustees, to see to it that unfit or incompetent persons are not put or kept in charge of the children who attend the common schools, forbids the idea of a trial with the formality and strictness that belong to courts."

And on page 185 of the same volume, it is said:

"If they [the board of trustees] were satisfied as to the relator's incompetency, with or without evidence, their power to remove the relator therefor cannot be questioned."

In the case of *Kirkpatrick v. The Independent School District,* ante, 53 Iowa, 587, it is said:

"The plaintiff's error has arisen, we think, from supposing that the statute was designed to constitute the board substantially a court. It was really in this case the agent of an employer undertaking, as such agent, to discharge an employé. Under the statute, it could properly do so only after taking certain prescribed steps. It may perhaps be said to exercise judicial functions; but it does so only in a very slight sense.

It is certainly not a court, and the rules in regard to jurisdiction are not applicable to it which are applicable to a court."

And in the case of *Tripp v. School District,* 50 Wis. 657, it is said :

"Under the rules of the common law, the teacher would be subject to discharge if he failed to perform his duty in any material point."

In the case of *Neville v. School Directors,* 36 Ill. 71, 73, *et seq.,* it was held that the directors of a school district may undoubtedly discharge a school teacher for incompetency or neglect of duty ; but that afterward, if they are sued by the teacher for the sum agreed to be paid him, it devolves upon the directors to show that the teacher was dismissed for incompetency or neglect of duty, and that in fact he was incompetent, or that he neglected his duty.

After a careful examination of this case, we are satisfied that the district court erred, and that its judgment must be reversed, and the cause remanded for a new trial.

All the Justices concurring.