## HELEN M. TOWLE v. J. H. WEISE.

### No. 12,436.   ( 68 Pac. 637.)

#### SYLLABUS BY THE COURT.

1. JURISDICTION— *Supreme Court—Forcible Detainer.* If the rental value of land for a term in controversy in a forcible detainer suit exceeds $100, that amount may be regarded as the value in controversy, and error will lie to the supreme court from the judgment of the district court.

2. ——— *Amount Shown, Aliunde the Record.* It is competent to show, *aliunde* the record, the amount or value in controversy, and from such evidence the court may determine whether there is jurisdiction to review the rulings of the district court.

3. ——— *Justice's Court—Bill of Exceptions.* In preparing a bill of exceptions from the rulings of a justice of the peace, it is competent for a party to set out the pleadings, motions, evidence, decisions, and exceptions, and all of the proceedings, and a certified copy of such a bill of exceptions, which has been duly settled and signed, constitutes a reviewable record.

4. LANDLORD AND TENANT—*Contract of Renewal Construed.* A contract renewing a lease of land, which specifically provides that the tenant is to hold the same under the old lease and subject to its conditions and with the same rights and privileges prescribed therein, is deemed to be a continuation of the original lease, and the rights and liabilities of the parties are to be determined in accordance with its terms.

Error from Franklin district court; SAMUEL A. RIGGS, judge. Opinion filed April 5, 1902. Reversed.

*Benson & Harris,* for plaintiff in error.

*Gamble & Costigan,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : In an action of forcible detention, brought in justice's court by Helen M. Towle against J. H. Weise, the plaintiff prevailed. The case was taken to the district court by a proceeding in error, where the judgment of the justice of the peace was

reversed, and, instead of holding the case for trial on the merits, an order was entered dismissing the case. These rulings have been brought here for review, and the first question presented is whether the amount involved is sufficient to give the court jurisdiction. The record shows that the value of the use of the land alleged to have been unlawfully detained exceeds $100, and that is in fact the amount, or value, in controversy. Even if the record did not show the amount in controversy, it has been sufficiently shown by written proof outside of the record. It is competent to show, *aliunde* the record, the amount or value in controversy, and from such evidence the court may determine whether there is jurisdiction to review. (*Lower v. Shumacher*, 61 Kan. 629, 60 Pac. 538.)

A further claim is made that the bill of exceptions is insufficient, and that the record was not properly certified. The bill of exceptions allowed and certified by the justice of the peace purports to include all the pleadings and proceedings, including every motion, notice, order, stipulation, ruling, decision and exception, as well as the evidence, and appears to have been duly settled and signed. In itself it is a complete record of the proceedings in the justice's court, just such an one as is authorized by the code. (Gen. Stat. 1901, § 5345.) A copy of such a bill of exceptions, properly certified, is a complete transcript of the proceedings, and constitutes a reviewable record.

In specifying the contents of the bill of exceptions, the word "copy" is used, and it is contended that it should appear to have been a "true copy" of the proceedings. "A copy," so used, means a true transcript, and is nothing short of a true copy of the proceedings purporting to have been copied. In the attached certificate, the justice of the peace certifies that the

document is a full, true and literal copy of the bill of exceptions, and, as the bill of exceptions included every proceeding in the case, it is sufficient. The district court, therefore, had jurisdiction to review the rulings of the justice of the peace, but we think there was error in the order of reversal and in the dismissal of the case.

Weise, who held the land under a lease, failed to pay the rent, and under the terms of the lease the plaintiff had a right to consider the lease at an end and to recover possession of the premises. A written lease, which fully stated the terms and conditions upon which the land was to be held and used, was made in 1891. This lease had been renewed and continued from year to year until November 29, 1898. On that day a writing was made stating that the premises were rented by the plaintiff to Weise again ; that he was to hold under the same conditions, with all the rights and privileges theretofore granted, for the term of one year from March 1, 1899, "to hold the same under the old lease of 1891 on the same conditions as were granted, to continue until the 1st day of March, A. D. 1900." At the same time notes were given for the rental, one for $137.50, due December 1, 1899, and one for a like amount, due March 1, 1900, and at the same time a chattel mortgage on the crop was executed to secure the payment of the notes. The rental for 1898 was not paid, and on March 13, 1899, notice was given to Weise to quit the premises upon the ground that he had failed to pay rent for the previous year.

On the one side, it is contended that the old lease of 1891 had expired, and that the writing of November 29, 1898, constituted a new contract, and that, as he was not in default under that lease, he was entitled to the

Towle v. Weise.

possession until there was a default of the rental for that year.   The renewed lease, however, is a continuation of the original one, and as it in terms provided that the tenant was to hold under the lease of 1891, subject to the same conditions and with the same rights and privleges prescribed in that lease, it must be treated as a contract which, in fact, was a renewal of the old lease.   As Weise was in default in the payment of his rent, and as a sufficient demand was made for the rent due, the plaintiff was entitled to recover the possession of the premises in the manner specified in the lease, and therefore the justice of the peace correctly determined that the plaintiff was entitled to recover.

If there had been grounds of reversal, and the court had correctly determined that prejudicial error had been committed, it was its duty to retain the case for trial and final judgment, as in cases of appeal.   (Civil Code, § 566, Gen. Stat. 1901, § 5052 ; *Jones v. School District*, 8 Kan. 362.)   The district court neither remanded the cause nor held it for trial on the merits, but entered an order of dismissal.   For the errors mentioned, the judgment of the district court will be reversed, and the cause remanded with directions to enter judgment affirming the judgment of the justice of the peace.

CUNNINGHAM, POLLOCK, JJ., concurring.