# Biggs v. School City of Mount Vernon.

[No. 6,912. Filed December 14, 1909. Rehearing denied February 15, 1910. Transfer denied March 16, 1910.]

1. **Appeal.**— *Affirmance.*— *Weighing Evidence.*— The Appellate Court will not weigh conflicting evidence, nor consider any testimony except that which sustains the verdict. p. 574.

2. **Schools.**— *Teacher.*— *Implied Qualifications.*— *Contracts.*— A school teacher in accepting employment impliedly agrees that he has the requisite knowledge to teach the prescribed branches, and that he has the ability, in a reasonable degree, to impart that knowledge to pupils. p. 575.

3. **Schools.**—*Teachers.*— *"Incompetent."*— *Discharge.*— *Justification.*—A school board is justified in discharging a school teacher

who is unable to maintain discipline in his school, such teacher being "incompetent." p. 575.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Joseph Biggs against the School City of Mount Vernon. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Ulric Z. Wiley,* for appellant.

*Spencer & Brill* and *Frank H. Hatfield,* for appellee.

COMSTOCK, J.—Appellant, plaintiff below, commenced this action in the Posey Circuit Court against appellee, to recover damages for the alleged breach of a written contract of employment, and his discharge without cause.

Upon proper application the cause was venued to the court below, where an amended complaint was filed. To this complaint the appellee answered in three paragraphs: (1) Justification; (2) payment; (3) general denial. Upon the issues thus formed the cause was tried by the court. There was a general finding in favor of appellee, and, over a motion for a new trial, judgment was rendered thereon.

We quote from appellant's brief: "In this case, as the record comes to the court, the only available question is presented by appellant's motion for a new trial, based solely upon the insufficiency of the evidence to support the finding, and that the finding is contrary to law." It appears from the allegations of the amended complaint that appellant entered into a written contract with appellee, through its agents, to teach the students and assume all the duties incumbent upon a principal teacher in the colored school in the city of Mount Vernon, for and during the school year beginning September 12, 1904; that for such services he was to receive the sum of $60 per month. The contract is copied into said complaint, and contains, among other things, the agreement on the part of appellant

"faithfully, zealously and impartially to perform all the duties as such teacher, and to make all reports re-

quired by the school board, superintendent or school law, and to conform to all the rules and regulations of said board and superintendent, and faithfully and impartially to enforce them among the pupils."

Said contract further provides:

"In case said teacher shall be discharged from said school by said board for incompetency, cruelty, gross immorality, neglect of business, or a violation of any of the stipulations of this contract, * * * he shall not be entitled to any compensation after notice of dismissal," etc.

It is further alleged that appellant entered upon the discharge of his duties under said contract, and continued so to discharge them until November 23, 1904, when he received a notice in writing from appellee that the contract should terminate on that day, and that on said day, without cause or fault on the part of appellant, appellee discharged him as the principal teacher of said school; that by said discharge he was left without employment as a teacher, which was his usual employment, and the one for which he had fitted himself; that he was unable to secure other employment; that said discharge was a serious attack upon his character and reputation, and on his competency as a teacher, and that by reason thereof he was compelled to leave the city of Mount Vernon and to seek employment elsewhere, to his damage, etc.

The decisions holding that an appellate court will not weigh the evidence or reverse a cause on conflicting evidence, or consider any testimony except that which sustains

1.    the verdict or finding, are without number, therefore we cite none.   In this case the evidence is conflicting. The learned trial court might have concluded that from the educational advantages which the evidence showed appellant had enjoyed, and from his experience as a teacher, he was fairly well equipped so far as mere knowledge of the textbooks was required, although there was evidence showing that he was deficient in some of the branches that he at-

tempted to teach, and plainly lacking in ability to impart the knowledge that he possessed.

A teacher in accepting employment impliedly agrees that he has the knowledge necessary to enable him to teach the branches that are to be taught, and that he has the

2. capacity, in a reasonable degree, to impart that knowledge to others. *City of Crawfordsville* v. *Hays* (1873), 42 Ind. 200.

There is evidence, uncontradicted, showing that appellant was wanting in practical efficiency and discipline. Within a few days after he began his work he had trouble with

3. various of his pupils, which trouble continued to the end of his service. This trouble was so serious as to interfere with the work of the school. One witness testified: "The disturbance in the room was general; the pupils doing whatever they pleased. * * * I went in once or twice, and their conduct was something furious." Appellant, in effect, admitted his inability to maintain order. Upon one occasion he threatened to call the police. Under his predecessor and under his successor the untoward conditions which resulted in the dismissal of appellant did not exist. "Incompetency," as employed in the contract, is a relative term, denoting a want of the requisite qualifications for performing a given act or service. Appellant failed where others, under like conditions, succeeded; whether from lack of scholastic attainments, or want of physical and mental qualities which sometimes "strike terror" if they do not "inspire respect," is immaterial. It does not appear that he was guilty of cruelty or immorality, but the fact remains that he failed in the orderly conduct of the school, and had ceased to be useful in his office. The trustees wanted a return in the way of useful service for the public money, which they felt they were not getting. It is admitted that on December 2, 1904, after appellant's dismissal, with the advice of his counsel he received and receipted to the school trustees for $39, in full for his services from November 7, 1904, to November

23, 1904. There is sufficient evidence to sustain the findings and judgment of the court.

Judgment affirmed.