FELTON, Respondent, v. NORDLAND SCHOOL DISTRICT, Appellant.

(196 N. W. 960.)

(File No. 5376.    Opinion filed January 28, 1924.)

1.    Schools and School Districts—Evidence—School Teachers—Action of Board in Dismissing Teacher Not Conclusive of Her Incompetency.

In action by a school teacher to recover salary, even though it be assumed that incompetency was within Rev. Code 1919, Sec. 7488, providing that a school board may dismiss a teacher at any time for violation of contract, etc., where incompetency was a matter of defense, the action of board in dismissing her was not conclusive of incompetency.

**2.  Appeal and Error—Verdict on Conflicting Evidence Conclusive.**
      In action by a school teacher to recover salary, where there
      was conflict on issue as to her competency as a teacher, the
      verdict must control.

Appeal from Circuit Court, Marshall County; Hon. B. A.
Walton, Judge.

Action by Fern Felton against the Nordland School District.
Judgment for plaintiff, and defendant appeals.  Affirmed.

M. J. Staven, of Britton, for Appellant.

Harold W. King, of Britton, for Respondent.

(1)  To point one of the opinion, Appellant cited:  State v.
Dist. Board, 135 Wis. 619, 116 N. W. 232, 129 A. S. R. 1050;
Wilson v. Board of Education, 232 Ill. 464, 84 N. E. 897, 15 L.
R. A. (N. S.) 1136, 13 Ann. Cas. 330; Barnard v. Shelb, 216
Mass. 19, 102 N. E. 1095, Ann. Cas. 1915A 751; Argenta School
Dist. v. Strickland (Ark.), 238 S. W. 9; Toye v. School District,
225 Pa. 236, 74 Atl. 60; Clark v. Klein, 123 Ga. 856, 41 S. E.
617; Wallace v. School Dist., 59 Neb. 171, 69 N. W. 772; Rog-
inson v. School Directors, 96 Ill. App. 604; Freeman v. Town
Bourne, 170 Mass. 289, 49 N. E. 435, 39 L. R. A. 510; Jackson
v. School District, 81 N. W. 596.

(2)  To point two, Respondent cited:  Jacobson v. Hammon,
189 N. W. 517; Vankirk v. Herrett, 189 N. W. 115, 188 N. W.
741.

GATES, J.  In August, 1920, plaintiff and defendant district
entered into a written contract whereby plaintiff, the holder of a
first grade teacher's certificate, was hired as a teacher in the
school of defendant district for the period of 8 months beginning
September 6, 1920.   On March 6, 1921, a meeting of the school
board of defendant district was held, and the record of said meet-
ing discloses the following:

"The chairman presented a petition signed by Lina Castle, W.
R. Castle, Albert La Mee, Lucy La Mee, Mrs. Evan Olson, Lil-
lian La Mee, Henry Thayer, Recka Thayer, G. L. Traphagen and
Helen Traphagen, asking that school be closed and discontinued in
school district No. 2 from and after March 4, 1921, until a com-
petent and suitable teacher can be secured to hold and conduct
said school, giving as their reason for asking said school be closed
and discontinued, that present teacher is wholly incompetent to

teach and manage the pupils of said school. Peter La Mee (chairman) and Evan Olson (treasurer) voted for closing and discontinuing said school as requested by said petition. B. C. Newman voted against closing and discontinuing said school as requested by said petition, giving his reason for doing so that there had been no evidence or proof produced to show that said teacher was incompetent to teach said school."

Plaintiff was thereafter excluded from said school, although ready and willing to perform the contract. She brought this suit to recover her salary for the months of March and April, 1921. Verdict and judgment for plaintiff. Defendant appeals.

Section 7488, Rev. Code 1919, provides:

"The district school board shall employ the teachers for the schools of the district, and may dismiss any teacher at any time for plain violation of contract, gross immorality, or flagrant neglect of duty. * * *"

The substance of the argument of appellant is that the action of the district board conclusively establishes the incompetency of respondent as a teacher, but that in any event the evidence was insufficient to sustain the verdict.

Assuming, without deciding, that "incompetency" comes within the above statutory grounds, it may still be seriously questioned whether the district board ever exercised its privilege to dismiss respondent upon that ground. The record of the board would seem to carry the idea that the teacher was dismissed because the petition requested it, and not because of a finding by the board that the teacher was incompetent.

[1, 2]  But even if it be assumed that the district board dismissed respondent because of incompetency, still such alleged incompetency was a matter of defense to the complaint in this action, and the action of the district board was not conclusive of the question of respondent's incompetency as a teacher. School District v. McCoy, 30 Kan. 268, 1 Pac. 97, 46 Am. Rep. 92; Neville v. School Directors, 36 Ill. 71. And there being a conflict in the evidence upon this point submitted under presumably appropriate instructions, the verdict of the jury must control. Biggs v. School City of Mt. Vernon, 45 Ind. App. 572, 90 N. E. 105.

Affirmed.

Note.—Reported in 196 N. W. 960. See, Headnote, American Key-Numbered Digest, (1) Schools and school districts, Key-No. 60, 35 Cyc. 1095; (2) Appeal and Error, Key-No. 1002, 4 C. J. Sec. 2836.