## COMMONWEALTH LIFE INS. CO. v. WOOD.

No. 34804.   March 25, 1952.

*242 P. 2d 446.*

Hardy & Hardy, Tulsa, for plaintiff in error.

Spillers & Spillers, Tulsa, for defendant in error.

PER CURIAM. This is an action originally brought in the justice of the peace court, district four, Tulsa county, by Louis E. Wood against Commonwealth Life Insurance Company to recover benefits under a hospital expense policy issued by defendant.

Plaintiff in his bill of particulars alleges that on September 1, 1948, defendant issued to plaintiff a hospital expense policy with a surgical indemnity endorsement attached thereto which provides for maximum surgical benefits in the sum of $150. On the 5th day of July, 1949, and while the policy was in full force and effect, plaintiff underwent an operation at a hospital in the city of Tulsa for the correction of a superficial temporal artery syndrome and thereby incurred a surgical bill in the sum of $100, and a hospital bill in the sum of $20, and prays judgment for $120 and costs.

Defendant's defense is based on the theory that a surgical operation such as is pleaded in plaintiff's bill of particulars is not covered by the terms of the policy and it is therefore not liable to plaintiff for hospital expenses incurred in the performance of the operation.

The trial was to a jury resulting in a verdict in favor of plaintiff for the full amount claimed. Judgment was entered on the verdict.

Defendant appealed by bill of exceptions and petition in error to the district court of Tulsa county, and the case was thereafter transferred to the court of common pleas of that county. The court of common pleas affirmed the judgment of the justice of the peace court.

Defendant appeals to this court and relies for reversal on the ground that the judgment of the justice of the peace court, is not supported by the evidence and is contrary to law.

The main facts were stipulated. It is stipulated that defendant issued and delivered to plaintiff the policy sued upon and that it was in full force and effect at the time the suit was filed; that plaintiff's doctor, if present, would testify that he performed an operation on insured known as an excision for a superficial temporal artery syndrome and that a reasonable charge for surgery is $100, and the hospital bill in the sum of $20 is also reasonable; that plaintiff was only hospitalized for a period of not to exceed twelve hours; that the sample copy of the policy filed by defendant with the court and used as evidence in the trial before the justice of the peace court was in all material respects and purposes the exact policy written and issued to plaintiff and contained the terms and conditions of the policy as therein stated.

Plaintiff contends that it was a question of fact for the jury to determine as to whether the operation performed is covered by the terms of the policy, and since the jury determined such question in favor of plaintiff and judg-

ment was entered accordingly, it was the duty of the court of common pleas to affirm the judgment. Defendant contends that there is no dispute as to the facts; that the only issue before the justice of the peace court and before the court of common pleas was as to whether the operation for which plaintiff claims indemnity is covered by the terms of the policy and that as to this issue the policy speaks for itself.

The policy indemnifies insured for surgical expenses incurred in the performance of an operation for an amount and for such operations as are mentioned in the schedule contained in the policy.

We have examined the copy of this policy which is attached to the bill of exceptions and made a part thereof, and find no provision therein which refers to an operation for the correction of a superficial temporal artery syndrome or for the correction of any arterial trouble.

Webster's Dictionary defines syndrome as a number of symptoms or signs which occurring together cause disease. Temporal artery is defined to be an artery appearing in the side of the head. According to these definitions the operation here performed was performed to correct some arterial trouble to an artery appearing in the side of the head. As before stated, no such operation is referred to or mentioned in the schedule appearing in the policy. If the operation performed is analogous to any operation mentioned in the schedule there is no evidence tending to establish that fact. Plaintiff points to no provision of the policy which covers such operation and in fact counsel do not in their answer brief discuss the case on its merits except as above stated. They brief and discuss the same questions as were briefed and discussed by them on their motion to dismiss the appeal, which motion has heretofore been denied.

The bill of exceptions recites:

". . . plaintiff argues that in accordance with the first paragraph above 'surgical endorsements' that such clause means for any operation not provided in the schedule of operations, the policy agrees to pay One Hundred and Fifty ($150.00) Dollars, and in any event to pay One Hundred and Fifty ($150.00) Dollars."

The provision of the policy referred to is as follows:

"Indemnities in the following schedule apply to a Maximum Surgical Indemnity of $150.00. If the Maximum Surgical stated on the first page hereof for any member insured hereunder is other than $150.00 the following Indemnities apply in direct proportion."

This provision clearly applies only to indemnities for operations performed in the schedule mentioned immediately following such provision. This schedule does not mention or include an operation such as was performed in this case. It does not provide, as contended by plaintiff in the justice of the peace court, that it indemnifies him for surgical expenses incurred for an operation not mentioned in the schedule.

As to the recovery for hospital bills, the policy as far as here material provides:

"Part 1. Hospital Expenses. If the insured . . . shall be necessarily confined as a resident patient (for not less than eighteen (18) hours) . . . the company will reimburse him for actual expenses incurred. . . ."

It will be noted that the policy provides in plain and unambiguous terms that expenses for hospital bills may only be recovered where the patient is hospitalized for not less than eighteen hours. The evidence shows that plaintiff was hospitalized or only remained in the hospital for a period of not to exceed twelve hours; therefore, he cannot recover the amount expended for hospital bills. Appleman Insurance Law and Practice p. 896, §705; Mid-Continent Life Insurance Company v. Christian, 164 Okla. 161, 23 P. 2d 672.

206

The burden was upon plaintiff to prove his case. He has failed to do so. Under the record here presented, the judgment cannot be sustained.

It is contended by defendant that this court upon reversal should direct the court of common pleas to enter judgment of reversal and direct that court to remand the case to the justice of the peace court with directions to enter judgment in favor of defendant. We are without power to do so.

The statute, 12 O. S. 1951 §982, provides:

"When the proceedings of a justice of the peace are taken in error to the county or district court, in the manner aforesaid, and the judgment of such justice shall be reversed, or set aside, the court shall render judgment of reversal, and for the costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor; and the same shall be retained by the court for trial and final judgment, as in cases of appeal."

Upon reversal we may only direct that judgment be entered as provided by the above section of the statute. Jones v. School District, 8 Kan. 362; Albinson v. Roberts, 13 Kan. 161.

Judgment reversed, and the cause remanded to the court of common pleas with directions to vacate the judgment affirming the judgment of the justice of the peace court and enter judgment of reversal, to assess costs accrued against plaintiff, defendant in error herein, and award execution therefor and to retain the case for trial and final judgment as in case of appeal.