# School Directors

*v.*

# Nancy E. Reddick.

1. School teacher—*right of directors to discharge.* Under the statute, the school directors can, at any time, discharge a teacher employed by them, for incompetency, notwithstanding he may have been employed for a definite time to teach.

2. Same—*burden of proof to show incompetency.* If the school directors discharge a teacher before the expiration of the time he is employed to teach, on the ground of incompetency, the burden of proof is upon them to show that fact, in a suit by the teacher for the wages due him for the entire term.

3. Same—*certificate is prima facie evidence of qualification to teach.* If a school teacher has the certificate of the superintendent of schools of his qualification to teach, this will be *prima facie* evidence of his qualification.

4. Pleading — *declaration in suit by teacher for wages.* If a school teacher is discharged before the expiration of his term, without justifiable cause, in a suit to recover his wages for the whole term, it is not necessary to allege in the declaration that he kept a schedule after the time of his discharge.

5 A declaration in a suit by a school teacher against the directors of schools, which avers that the plaintiff presented his certificate of qualification to teach before being engaged, followed by proof of his employment, and readiness to teach, is all that is necessary to enable him to recover wages for the full time he was employed to teach, when he has been dismissed without sufficient cause.

Appeal from the Circuit Court of Clinton county; the Hon. Amos Watts, Judge, presiding.

This was an action of assumpsit, by Nancy E. Reddick against the School Directors of District No. 5, in Township 1 North, Range 1 West, in Clinton county, to recover for wages as a school teacher. The court below found for the plaintiff. The opinion sufficiently states the nature of the case.

Mr. Darius Kingsbury, for the appellants.

Mr. G. Van Hoorebeke, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Whether plaintiff's contract with the school directors was an unconditional one to teach a five months' school, was purely a question of fact, about which the evidence was quite conflicting. It was a question of fact to be found from the weight of the evidence, and, treating the finding of the court as we would the verdict of a jury, we perceive no valid reason for setting it aside.

Under our statute, the directors, no doubt, could, at any time, discharge plaintiff for incompetency, notwithstanding she may have been employed for a definite period that had not expired. This is really what they undertook to do, and so entered it upon their records. She was discharged at the end of the first month, not because they had a right to do it on the ground the contract was conditional, and that privilege was reserved, but because she was incompetent, as they alleged, to manage the school.

The burden of proving the incompetency of plaintiff as a teacher, rested on the party alleging it. The evidence in the record on this question is quite meagre. Plaintiff was only permitted to teach one month on her contract. Necessarily, it would require considerable time and preparation to arrange the several classes and get the school thoroughly disciplined and in good working order. Parties who condemned her manner of governing the school and teaching, evidently, from their own testimony, had but little opportunity to judge of her capacity. Plaintiff had a certificate of qualification from the county superintendent of schools, and there is nothing shown in the evidence that overcomes the *prima facie* evidence of qualifications it affords. No marked deficiency is proven in her management or government of the school, certainly nothing that would warrant the directors in discharging her for that reason.

School directors can not capriciously discharge a teacher before the expiration of the time for which he or she was employed. In the language of the statute, it must be for "incompetency, cruelty, negligence, immorality, or other sufficient cause." The charge in this case is incompetency. The record, in our opinion, does not contain that degree of proof that would justify a rescission of the contract. Certainly the finding of the court is not so much against the weight of the evidence as would authorize a reversal of the judgment.

The objection urged to the sufficiency of the declaration, that it is not averred plaintiff kept a schedule as required by statute, has no force in it. Plaintiff was discharged at the expiration of one month, for no justifiable cause, and this suit is to recover her wages for the whole period of five months for which she alleges she was engaged. She could not aver she kept a schedule, in accordance with the provisions of the statute, for the unauthorized act of the directors in discharging her had rendered it impossible.

The proof shows she kept a schedule for the brief period she taught the school, and after her dismissal she presented it to the directors of the district. It is averred plaintiff presented her certificate of qualifications to the board of directors before she was engaged to teach the school. This, followed by proof of her employment and readiness to teach, was all that was necessary, and indeed all she could do in the nature of the case, and nothing more was necessary to enable her to recover her wages for the time she was engaged to teach, but from which she was debarred by the act of the directors, without any fault on her part.

No error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*