·MARY V. EWING

v.

SCHOOL DIRECTORS DISTRICT No. 3.

</div>

1. TEACHER'S CONTRACT—WRONGFUL DISMISSAL—MEASURE OF DAMAGES.—Where a person contracted with the directors of a school district to teach for a stipulated period, unless dismissed for incompetency, and in a suit to recover a balance due, after dismissal for alleged incompetency, the jury find that she was competent and was wrongfully dismissed, she is entitled to recover for the balance of the term contracted for.

2. QUESTION OF INCOMPETENCY — INSTRUCTION. — Incompetency is a question of fact, to be found by the jury from all the evidence in the case. Neither the school law nor the contract in this case authorized the directors

to dismiss her, simply because they thought her incompetent; and an instruction given for the defendants, that if the jury believe from the evidence that the plaintiff was dismissed for incompetency then she is not entitled to recover, etc., was well calculated to mislead the jury upon this question, and therefore should not have been given.

APPEAL from the County Court of McLean county; the Hon. R. M. BENJAMIN, Judge, presiding.

Messrs. STEVENSON & EWING, for appellant; contended that the plaintiff was dismissed without cause, and that the instruction given for defendants misled the jury, and cited Neville v. School Directors, 36 Ill. 71; Baldwin v. Killiarn, 63 Ill. 550.

Messrs. TIPTON & POLLOCK, for appellees; that testimony that the directors acted in good faith in dismissing appellant, was admissible, cited Clift v. White, 12 N. Y. 538; Moss v. Riddle, 5 Cranch, 351; Miller v. The People, 5 Barb. 205; Griffin v. Cranston, 1 Bosw. 281; Seymore v. Wilson, 14 N. Y. 567; Forbes v. Waller, 25 N. Y. 439; Bedell v. Chase, 34 N. Y. 386; 386; Collins v. Fisher, 50 Ill. 359; Anderson v. Friend. 71 Ill. 475.

That a judgment will not be reversed for an erroneous instruction, if justice has been done: Hardy v. Keeler, 56 Ill. 152; T. P. & W. R. R. Co. v. Ingraham, 58 Ill. 120; Graves v. Shoefelt, 60 Ill. 462; C. B. & Q. R. R. Co. v. Dickson, 63 Ill. 151; Daily v. Daily, 64 Ill. 329.

HIGBEE, P. J. The appellant was employed by appellees to teach school in said district for eight months, to commence on the 18th day of September, 1876, for which she was to be paid three hundred and thirteen dollars and seventy-five cents. The contract was in writing, and contained this provision : "*Provided*, That in case the said Mary V. Ewing shall be dismissed from the said school by the directors for gross immorality, incompetency, or any violation of this contract, or shall have her certificate annulled or revoked by the county or State superintendent, she shall not be entitled to receive any compensation from and after such annulment or dismissal."

Appellant taught the school under this contract three and one-half months, when she was dismissed by the directors for alleged incompetency, and paid for the time she had taught.

This suit was brought to recover for the balance of the time mentioned in the contract. The case was tried by a jury in the court below, and appellant recovered a judgment for one dollar.

From the record it seems that the principal question tried in the court below was whether the teacher was incompetent within the meaning of the contract and the school law, and therefore properly dismissed.

The jury having found that appellant was competent, and that she was wrongfully dismissed, assessed her damages at one dollar. Appellant entered a motion for new trial, which was overruled.

The case is brought here on appeal, and errors assigned.

No evidence is offered in this case tending to show that appellant engaged in any other business after she was discharged and before the expiration of the time she had agreed to teach, nor that she could by any effort have obtained similar employment in that neighborhood.

On the contrary, she testifies that she held herself ready at all times before the contract expired, to teach, but that she made no effort to get another school, because it was in the middle of the school term when she was dismissed, and there were no other schools then wanting teachers.

Under this evidence, if the jury found for her at all, it was their duty, by law, to have assessed her damages at the amount fixed by the contract for the full term of eight months. Williams v. Chicago Coal Company, 60 Ill. 149; Fuller v. Little, 61 Ill. 1.

At the instance of appellee, the court on the trial gave the following instruction:

"The court instructs the jury that if they believe, from the evidence, that the plaintiff was dismissed from the school in question by [the directors for incompetency, then she is not entitled to recover any compensation from and after such dismissal."

Neither the school law nor this contract authorized the directors to dismiss her unless she was in fact incompetent.

She is not barred of her right of recovery simply because the directors thought her incompetent, and dismissed her for that reason, if in fact she was competent at the time.   Incompetency under such circumstances is a fact to be found by the jury from all the evidence before them.   This instruction was well calculated to mislead the jury, and should not have been given.

For these reasons the judgment is reversed and the cause remanded.

<div align="right">Reversed and remanded.</div>