## STERLING EMERY WHEEL COMPANY
## v.
## CHARLES D. MAGEE.

*Master and Servant—Recovery of Wages—Traveling Salesman— Wrongful Discharge.*

1.  Any adequate cause for the dismissal of an employe which is known to the employer at the time thereof, will justify the same, whether it is assigned at the time as the cause of dismissal or not; and though a special ground of discharge is assigned at the time of the dismissal, the employer will not be thereby estopped, when sued, from setting up another adequate cause, existing and known to him at such time, in justification thereof.

2.  A person claiming to be employed for a given time is not entitled to demand from his employer further evidence of the contract than the words or letters which sufficed to make it, and refusal to perform his duties unless the same is forthcoming by a certain time, will warrant his immediate discharge.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. DOOLITTLE, McKEY & TOLMAN, for appellant.

Messrs. JUDD, RITCHIE & ESHER and C. B. DILLEY, for appellee.

MORAN, P. J.  This action was brought by appellee to recover a balance of wages claimed to be due from appellant under a contract between the parties that appellee was to serve appellant for one year as traveling salesman.

There was a verdict and judgment in favor of appellee in the Circuit Court, and the record discloses that there was an issue of fact as to whether a contract employing appellee for a year was made.  In the view we take of the case, we do not concern ourselves with that issue.

Sterling Emery Wheel Co. v. Magee.

Appellant filed a special plea justifying the discharge of appellee on account of his absenting himself from appellant's service, and refusal to carry out the terms of the contract. There was evidence tending to show that appellee had been guilty of disobedience of orders and insubordinate conduct on some occasions preceding his discharge, and that he was on bad terms with the person in charge of the company's office in Chicago, but he was continued in the employment.

This plea was unnecessary, as the defense was admissible under the general issue. Contentions about the plea are immaterial.

On March 8, 1888, appellee wrote to appellant's manager in New York a letter, in which he states that he is about to start on the road in compliance with instructions, to visit various towns, and among others, Rockford, Illinois. The part of said letter material to be considered in this controversy is as follows:

"Now as to contract, which you agreed to forward me December 26, 1887, as to terms of duration of contract, when you agreed to my proposition of $1,500 per annum and expenses, I made the time one year. You never gave me this contract, nothing more than your letter of acceptance of my proposition. I will certainly expect you to forward me this contract to Rockford, Illinois, care Hotel Holland, where I expect to be on the 14th inst. In the meantime you may rest assured I will make the best efforts for you; but I insist now that this contract be put in writing plainly so we both will understand it. Contract to date from December 26, 1887, for one year, and at the same time remit me balance of salary due me March 1st, $35.17. I will either receive this contract at above address with your letter of explanation, or if not there, I will return to Chicago and there await it before I go further."

The reply to this letter by the company, so far as material, is as follows:

"NEW YORK CITY, March 12, 1888.

"MR. C. D. MAGEE,

"Rockford, Ills.

"*Dear Sir:*  In response to your favor of March 8th, we

will say, that you may consider yourself out of our employ on and after March 15, 1888."

Appellant relied on the trial on the above letter of March 8th, as constituting sufficient ground for appellee's discharge, and also urged other distinct grounds, and appellee contended and the court seems to have held that the jury could regard no ground as justifying a discharge, which was not the actual ground on which the discharge was made. This view the court imported into the case by modifying the defendant's instructions, Nos. 3, 4 and 5, which as given are here set out, the court's modification being included in brackets.

3. "The jury are further instructed, as a matter of law, that an employer has the first right to the time and service of the employe, within the reasonable and customary business hours of the day, and if you believe from the evidence in this case that the plaintiff neglected the defendant's employment and devoted to his own business the time which belonged to his employer, then you are instructed that under such circumstances the defendant would have the right to discharge the plaintiff from employment, and if you so find the facts [and further find that for such cause defendant discharged plaintiff], then your verdict should be for defendant.

4. You are further instructed, that if the parties to this suit had agreed upon an oral contract of employment, or if by a series of letters they had made a contract in writing, then you are instructed that there was no obligation upon the defendant to make a further formal contract in writing, and that the refusal of the defendant to write out a formal contract, in accordance with the ideas and wishes of the plaintiff, would not be a sufficient excuse on the part of the plaintiff for refusing to proceed with the instructions of the employer; and if you believe from the evidence that the plaintiff refused to proceed with the employment of the defendant, and to perform his duties as such employe upon the sole ground that a satisfactory contract was not sent to him, and that he refused to perform any [such] service until such contract was sent to him [and if you further find that for such cause defendant discharged plaintiff], then your verdict should be for defendant.

Sterling Emery Wheel Co. v. Magee.

5. The jury are further instructed, as a matter of law, that an employer has a right to the obedience of his employe in all reasonable orders connected with his employment, and that if the plaintiff in this case wilfully disobeyed any reasonable orders of the defendant, without reasonable cause therefor, then you are instructed that the defendant has a right to discharge him from his employment [and if you further find that for such cause defendant discharged plaintiff], then your verdict should be for defendant."

Those instructions should have been given as asked, and the modification of them as shown was an error. Any adequate cause for the dismissal of a person employed, which is known to the employer at the time of the dismissal, will justify the discharge whether it is assigned at the time as the cause of dismissal or not; and though a special ground of discharge is assigned at the time of the dismissal, the employer will not be thereby estopped, when sued, from setting up another adequate cause, existing and known to him at the time of the discharge, in justification thereof. Orr v. Ward, 73 Ill. 318; Straup v. Meestief, 64 Ala. 299; Ridgway v. The Hungerford Market Co., 30 E. C. L. 97.

For such error in modifying the instructions, the case would necessarily have to be reversed. But we are further of opinion that the said letter of March 8th constituted, as a matter of law, a valid ground on which to defeat this action.

If appellee was, as he claimed, hired for a year, he was not entitled to demand further evidence of the contract, than the words or letters which sufficed to make it; and particularly he was not justified in making the sending to him of such a contract as he demanded, a condition of his further proceeding in the service of appellant.

He demanded in peremptory terms in his letter that which he had no legal right to claim, and told his employer if it was not forthcoming at the time and place designated by him he should return to Chicago and there await it before he went further. His business was to travel on the road, and he was, when he wrote the letter, on the road in obedience to imperative orders from his employer. To write as he did

was to directly refuse to obey the directions given unless his demand was acceded to. This, in our opinion, authorized his prompt discharge by appellants. Waters v. Davis, 55 Jones & Spencer, 39.

Appellant was not bound to wait and see whether he would put his coercive threat in operation, but might well act upon his stated *ultimatum*, that he would go no further unless his demand was acceded to, and dismiss him at once.

The judgment will be reversed and the case remanded.

*Reversed and remanded.*