Morris v. Taliaferro.

EDWARD MORRIS

v.

NATHAN C. TALIAFERRO.

*Master and Servant—Contract of Service—Breach by Master.*

1. The burden of proof is upon the employer to show that he was justified in discharging his employe during the term of the employment.

2. Where a contract requires an employe to devote all the time nec-

essary to the prosecution of the business and to use his best efforts in promoting the interests of the employer, a justifiable discharge will be made out where it is shown that the employe failed in either one of such requirements, and it is erroneous to instruct the jury that the burden is upon the employer to establish, by a preponderance of the evidence, that the employe did not devote the necessary time to the business, and that he did not exert his best efforts to promote the interests of the employer.

[Opinion filed May 7, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. A. BINSWANGER, for appellant.

Messrs. RUBENS & MOTT, for appellee.

SHEPARD, J. Appellee recovered judgment below for a breach of contract of employment between himself and appellant. The contract was in writing, and is as follows:

" Agreement, made this 16th day of January, 1888, between Edward Morris and N. C. Taliaferro. The said Morris agrees to employ the said N. C. Taliaferro for one year from January 25, 1888, at the rate of $1,800 per year. The said N. C. Taliaferro agrees to devote all the time necessary to the prosecution of the business, and his best efforts in promoting the interest and welfare of said Edward Morris in any capacity to which he may be assigned."

It is insisted that the giving of appellee's third instruction is such error as demands a reversal of the case.

The instruction is as follows:

" The jury are further instructed that the burden of proof is upon the defendant, to show by preponderance of the evidence that the plaintiff did not devote the time necessary to the prosecution of the business, and did not use his best efforts in promoting the interests and welfare of the defendant. And unless the jury believe from the evidence that the defendant has shown this by preponderance of the evidence, your verdict should be for the plaintiff."

So much of the instruction as locates upon the defendant

below the burden of justifying the discharge, we consider to be correct. Sterling Emery Wheel Co. v. Magee, 40 Ill. App. 340; 2 Chitty Pl. (16 Am. Ed.) 438; Mercer v. Whall, 48 Eng. Com. Law, 447; School Directors v. Reddick, 77 Ill. 628. But in other respects the instruction is bad.

The evidence discloses that appellee began work under the contract on January 24, 1888, as manager of appellant's retail meat market, and continued in such employment until August 7th, next ensuing, when he was discharged and further employment refused to him by the appellant.

The evidence as to whether he was wrongfully discharged or not is very conflicting and close. In such cases it is of the utmost importance that the jury shall be instructed with exactness. Goodkind v. Rogan, 8 Ill. App. 413. The contract required appellee to devote all the time necessary to the prosecution of the business, *and* to use his best efforts in promoting the interests of the appellant. There was evidence tending to show that appellee failed in each one of these requirements, and if the jury had believed from the evidence that he had failed in either one, although not in both respects, a cause of justifiable discharge would have been made out.

The instruction, however, tells the jury that the burden was upon appellant to establish by a preponderance of evidence, both that appellee did not devote the necessary time to the business, *and* that he did not exert his best efforts to promote the interests of appellant. This was more than the jury were required under the law to find in order to justify the discharge of appellee.

From an extended examination of the evidence preserved in the record, we are of opinion that the jury might reasonably have found that appellee failed to do his duty in respect to one or the other of the terms of his contract without having failed in regard to the other; and there is so strong an inference that the erroneous coupling together of the requirements imposed upon appellee by his contract, as was done in the instruction, caused the verdict, that we feel constrained to afford appellant an opportunity for another trial. *Reversed and remanded.*