### Bennet Robinson v. School Directors of District No. 4.

1. SCHOOLS—*Power of Directors to Discharge Teachers.*—School directors are justified in discharging teachers when, for sufficient cause, the best interests of the school require it.

2. SAME—*What is a Sufficient Cause for Discharging a Teacher.*— One of the male pupils asked his teacher if he had said that he (the pupil) was the dullest scholar in the school. After some colloquy between them about the matter, the teacher, in anger, struck the pupil on the head so violently that he fell against a seat in the room and the teacher seized him and forcibly put him into the seat. The directors investigated the matter in the presence of the school and for this purpose examined some of the pupils; the teacher, being present, interrupted some of the pupils during their answers to inquiries by the directors and called them liars. *It was held* that these circumstances demonstrated the fact that he did not possess the requisite qualities of temper, discretion and fortitude of a good teacher and that the directors were justified in discharging him.

3. SAME—*Official Business to be Transacted at Meetings.*—The statute (Chap. 122, Art. V, Sec. 19, Hurd's Edition of 1899, page 1542) provides that no official business shall be transacted except at a regular or special meeting, and that the directors shall not pay any public funds to a teacher unless such teacher shall have kept and furnished them with a schedule as required by law.

Assumpsit, for teachers' wages. Error to the County Court of Cass County; the Hon. HENRY PHILLIPS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

AGNEW & HAMPTON, attorneys for plaintiff in error.

R. W. MILLS, attorney for defendants in error; EDWARD CLIFFORD, of counsel.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was by the plaintiff in error against defendants in error to recover upon a contract of hiring as a teacher of defendants' school. The contract was for a term of eight months, at $50 per month for the first six months and $45 per month for the residue. After having taught the school for three months, under the contract, for which he was paid, the directors dismissed the plaintiff, as he alleges, with-

out good cause, and this suit was to recover for the remainder of the term. A jury was waived, and the trial by the court resulted in a finding and judgment against the plaintiff, to reverse which he prosecutes this writ of error, and his contention is that such findings and judgment is contrary to the law and the evidence of the case, and the court erred in its holdings as to the law and the decisions of the case.

Upon the trial it was claimed that the contract was not made at a regular or special meeting of the board of directors, and for such reason was void. It is doubtful from the evidence whether the contract was so made. The statute (Sec. 19, Art. 5) provides that no official business shall be transacted by the board except at a regular or special meeting. The statute also provides that the directors shall not pay any public funds to any teacher, unless such teacher shall have kept and furnished schedules as required by the act. The directors did pay the plaintiff for the time he actually taught, and the business of determining whether he had furnished the schedule required by law to entitle him to such payment being official business, we must presume the directors did it at a regular or special meeting of the board, and by the act of accepting such schedule and making payment for services rendered under the contract, they thereby ratified the same. All of the propositions of law held by the court upon the trial as the law in the decision of the case, were inconsistent with this view, as they ignored what is considered a plain ratification, and consequently the holding such propositions were erroneous.

It only remains, therefore, for us to determine from all the evidence of the case whether this erroneous ruling of the court was harmful or prejudicial error, and whether the decision and judgment of the court, regardless of such propositions, was right upon other grounds.

The evidence discloses the fact that the directors dismissed the plaintiff as a teacher upon what they considered a sufficient cause. It is undisputed that upon one occasion, shortly before the teacher was dismissed, one of the male

pupils accosted the teacher, in the school room and in the presence of the scholars, and inquired if he, the teacher, had said that he, the boy, was the dullest scholar in the school. After some colloquy between teacher and pupil about the matter, which does not appear from the evidence to have been offensive on the part of the boy, the teacher in anger struck the boy upon the head, either with his fist or open hand, about which there is conflict, so violently that he fell against a seat within the school room, whereupon the teacher seized him and forcibly put him into the seat. Either by the blow, or by falling against the seat, the boy was injured upon the head, not seriously or dangerously however. The directors investigated this incident in the presence of the school, and for this purpose examined some of the pupils, and during such examination, the teacher being present, he interrupted some of the pupils during their answers to inquiries by the directors and called them liars. Upon the whole evidence we are constrained to the conclusion that in this particular school the plaintiff failed to portray the requisite qualities of temper, discretion and fortitude of a good teacher, and thereby and by his own fault, deprived the school of the benefit of all the good qualities he commanded. It was in our opinion, under the circumstances, for the best interests of the school that his relation with it as a teacher then ceased, and the directors were justified in dismissing him, as they did, for sufficient cause. Hence we conclude the finding and judgment of the court was right, regardless of the erroneous holding as to the law in the decision of the case, which was harmless, as no other finding and judgment would have correctly expressed the real justice of the case.

Finding no reversible error in the record and proceedings of the County Court, its judgment will be affirmed.