## W. E. Ludwick, Appellee, v. Root & Vandervoort Engineering Company, Appellant.

### Gen. No. 5,084.

1. EMPLOYER AND EMPLOYE—*burden to show ground for discharge.* The burden of showing good and sufficient grounds for discharge rests upon the employer invoking such a defense when the servant has proven the contract, its performance up to the time of his discharge and his readiness to perform at the time of the discharge.

2. EVIDENCE—*when cross-examination as to document improper.* Held, that to ask a witness as to the customary manner of making reports without first showing him the reports which had been previously made by him, was improper.

Assumpsit. Appeal from the County Court of Rock Island county; the Hon. R. W. OLMSTED, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

GEORGE W. WOOD, for appellant.

G. H. McKINLEY, JR., for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action in assumpsit begun by W. E. Ludwick, appellee, against the Root & Vandervoort Engineering Company, appellant, to recover for services performed on a verbal contract for hiring, and for damages for an alleged wrongful discharge of appellee. The declaration contains the common counts for services rendered, and a special count for damages resulting from a breach of contract, because of a wrongful discharge before the termination of the contract by its terms. The only plea is the general issue.

The proof shows that the appellant company is a manufacturer of gasoline engines in East Moline; that the appellee for a number of years had been foreman of the machine department under a verbal annual employment. In the first week in January, 1907, he was re-employed for the year beginning January 1, by H.

A. Soverhill, the appellant's superintendent. Appellee worked for appellant, as appellee claims, until September 5, and as appellant claims until August 29, 1907, when he was discharged. The jury returned a verdict in favor of appellee for $20.80 on the common counts and $406.12 on the special count. Judgment was rendered on the verdict for $426.92 in favor of appellee and the company appeals.

The parties disagree as to what was the contract of hiring. Appellee testified that the terms of the contract were that he was to have $125 per month and a commission of twelve cents an engine, provided that if the salary of $125 per month plus twelve cents for each engine manufactured did not amount to $1,800 at the end of the year he was to receive the difference between $1,800 and the amount received as salary and commission; that he was to receive at least $1,800 for the year. Soverhill testified that appellee was to receive $125 per month and twelve cents royalty on each engine manufactured. Soverhill admits that he said to appellee, when appellee was insisting on $1,800: "I said in view of our factory was going to be changed that would be about 2,500 engines, we would pay him a twelve cent royalty and that would make the $1,800 a year, and I will take my chances. I think we will make 2,500 engines, we will pay you twelve cents per engine, and you take your chances of putting out 2,500 engines or more."

The court at the request of the appellant submitted to the jury an interrogatory, "Did the defendant by its superintendent guarantee the plaintiff for the year 1907, a salary of $1,800?" This the jury answered in the affirmative. In view of the conflict in the testimony the finding of the jury is conclusive on this court that the contract was as stated by appellee.

It is next insisted that the appellee was discharged for good cause and that he was not entitled to recover any damages for his discharge, to wit, the difference between the $1,800 he would have received, had he

completed his contract, and the amount he was actually paid by the appellant, and three hundred dollars he received from another employer during the remainder of the year after he was discharged. Appellant claims to have discharged appellee because of his failure to make certain reports. Appellant claims justification for the discharge of appellee, because on July 1st, it had installed what is known as a "cost system" of accounting for each item of material and work, although it had been preparing to adopt this system for some time before July; that under the "cost system" it was the duty of the foreman to make certain reports in connection with that system, and that appellee, as such foreman, failed and neglected to make such reports after having been repeatedly requested to do so. The evidence was in direct conflict. The appellee testified that he was not requested to make the reports, and that nothing was ever said to him about his work not being satisfactory; that when he was discharged the only reason given was that there was going to be a change in the company, and nothing was said about his services not being satisfactory. It is shown by evidence offered in impeachment of Soverhill, that he wrote a letter of recommendation, stating appellee's services were satisfactory. The record tends to show that the justification relied upon for the discharge is an afterthought on the part of appellant's superintendent. The evidence being conflicting, and the jury having believed appellee, we cannot say it was not justified in its finding under the evidence.

The burden of showing good and sufficient grounds for discharge rests upon the employer invoking such a defense when the servant has proven the contract, its performance up to the time of his discharge, and his readiness to perform at the time of the discharge. School Directors v. Reddick, 77 Ill. 629; Campbell v. Fierlein, 134 Ill. App. 207; Morris v. Taliaferro, 44 Ill. App. 359.

Appellant argues that the cross-examination of appellee was unduly limited. Appellant produced some

blanks and in cross-examination undertook to ask appellee as to the contents, without showing them to the witness. The question was also asked on cross-examination whether it was customary to fill in after the word "defective" the number of such castings. An objection was sustained to this question. The papers themselves or reports appellee had made to appellant, if any, were the best evidence of their contents. The system had only been in operation a month, and the reports, if any were made, were in the custody of appellant. The proper method of cross-examination was to show the reports made by appellee, if any, and ask if they were in his writing. 3 Encyc. of Ev. 876; 1 Greenleaf on Ev. sec. 463. Then if it were claimed other reports were not made by appellee which should have been made, he might have been asked why they were not made. The ruling of the court was correct. Finding no reversible error in the case the judgment is affirmed.

*Affirmed.*