**Pearl Darter, Appellee, v. Board of Education of School District No. 50, Perry County, Appellant.**

1. SCHOOLS—*burden to establish incompetency of teacher.* A certificate of qualification issued to a teacher by the county superintendent of schools is *prima facie* evidence of the fact of competency, and if such teacher is discharged for alleged incompetency the burden is upon the board of education to establish the truth of the charge.

2. SCHOOLS—*what grounds for discharge of teacher may be shown.* Causes for dismissal contained in an order removing a school teacher are binding upon the directors and they are estopped from showing other or different causes.

Appeal from the Circuit Court of Perry county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911. Rehearing denied May 12, 1911.

W. A. SCHWARTZ and W. O. EDWARDS, for appellant.

R. E. SPRIGG and B. W. POPE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee was employed to teach an eight months' term in the sixth grade of the public school of district No. 50 in Perry county, which included the city of Pinckneyville. Appellant was to pay her $40 a month for the term, beginning September 14, 1908. By a notice dated November 14, 1908, signed by the president and secretary of the board of education, appellee was notified that at a regular meeting of the board held on that date her services as a teacher were ordered discontinued at once "for incompetency and insubordination."

Appellee, having been paid for the two months she taught, brought suit for her wages for the six months she did not teach and was awarded a verdict for $240 at the May term, 1909, of the Circuit Court of Perry county. A new trial was granted and on the second trial a jury again found in her favor and fixed her damages at $240, for which amount judgment was entered.

The proofs show appellee had taught in the school the previous year and had been re-employed and assigned to room three; that she asked for a higher grade and later was assigned to room six; that she held a second grade certificate of qualification issued by the county superintendent of schools; that there were sixty-two pupils in the sixth room, from eleven to sixteen years of age; that the room was so crowded, the classes could not all get to the blackboard and

286     APPELLATE COURTS OF ILLINOIS.

Darter v. Board of Ed. of School Dist. No. 50, 161 Ill. App. 284.

students were compelled to recite from their seats in the room instead of from the class and that appellee had asked the superintendent, Mr. Wilson, to remedy this condition by having some fourteen of the pupils assigned to other rooms, but it was not done. It was shown by the testimony of two members of the board of education, the truant officer and certain students, that the order in the room during certain school hours was not good; that there was great confusion caused by playing, whispering, scuffling of the feet and by pupils leaving the room without permission.

It was shown that the superintendent had control of all the schools and it was his duty to assist in the control and management of all the pupils. With this in view many disorderly pupils were sent by appellee to him for correction. Some of these received corporal punishment, while many were not punished; some of the latter being told to go back with the statement that she, meaning appellee, would not be there much longer; that he would get her out as quick as possible, or similar words.

There was no proof of an act of insubordination on the part of appellee and why that charge should have been assigned as one of the reasons for her discharge, does not appear.

The only other reason given for her discharge, either in the order entered by the board of education or the letter removing her, signed by the president and secretary of the board, was incompetency. The certificate of qualifications issued to appellee by the county superintendent of schools was *prima facie* evidence of the fact of her competency, and when the board undertook to discharge her for incompetency, it assumed the burden of proving the truth of the charge. School Directors v. Reddick, 77 Ill. 628; Neville v. School Directors, 36 Ill. 71.

The proof introduced by appellant to sustain this charge was directed to showing that order was not

maintained in the school room. That disorder did in fact exist in the room was plainly shown by the proofs. Whether the existence of such disorder was sufficient to prove incompetency on the part of appellee, was a question of fact for the jury to determine in the light of all the facts and circumstances in evidence. In determining this question they had a right to take into consideration the large number of pupils, the crowded condition of the school room, the inability of some of the pupils, by reason thereof, to get to the blackboard or sit in class to recite, the evidence tending to show a conspiracy among certain of the pupils to cause noise and disorder, and the evidence bearing upon the question of the claimed failure of the superintendent to support appellee in her efforts to maintain order, together with all the other proofs. We do not feel justified in holding that, under all the facts and circumstances in proof in this case, the jury was not warranted in finding that the preponderance of the evidence failed to establish the incompetency of appellee.

Appellant insists, however, that it should not be confined wholly to the reasons named in the order and letter of discharge, but that the board had a right to remove or dismiss appellee whenever, from any cause, the interest of the school might require it.

In Neville v. School Directors, *supra*, it was held that the causes for dismissal contained in the order removing a school teacher are binding upon the directors and that they are estopped from showing other or different causes.

Appellant seeks to meet and avoid this rule of law by contending that as it was laid down prior to the amendment of the school law of 1899, it has been made nugatory by that law, which contained a provision that boards of education should have the power "to dismiss and remove any teacher, whenever in their opinion, he or she is not qualified to teach or whenever, from any cause, the interest of the school may,

in their opinion, require such removal or dismissal." It is true the powers given boards of education in regard to the removal of teachers are somewhat broader than the powers of school directors had at the time the decision was rendered in said last named case, but that fact does not appear to us to in the least affect the inherent justice and soundness of a rule of law requiring that boards of education or school directors should, when dismissing a school teacher, assign the true reasons for such dismissal, and that when such reasons are recorded in the order of dismissal or removal, they should be estopped from afterwards, when sued by the teacher for his or her wages, setting up other reasons.

What is here said in regard to the assignment of reasons for the dismissal will also dispose of appellant's objections to the holding of the trial court upon the instruction wherein the above rule was followed.

We find no error of any substance in this record and the judgment of the court below is accordingly affirmed.

*Affirmed.*