R. D. Bowden, Appellee, v. Board of Education of School District No. 41, DuPage County, Illinois, Appellant.

Gen. No. 8,296.

1

Opinion filed September 10, 1931. Rehearing denied December 23, 1931.

LOCKE, BAKER & SNYDER, CARNAHAN & SLUSSER and GALE C. MARQUESS, for appellant; RICHARD F. LOCKE and THOMAS H. SLUSSER, of counsel.

HADLEY & WEAVER, for appellee; WILLARD E. CAIN and JOHN S. WOODWARD, of counsel.

MR. JUSTICE JETT delivered the opinion of the court.
R. D. Bowden, appellee, instituted this proceeding in assumpsit in the county court of DuPage county, Illinois, to recover for services rendered by him for the school district in supervising its schools from May 11 to June 7, 1929.

The declaration as originally filed consisted of the common counts to which the appellant pleaded the general issue. Appellee's affidavit of claim set up that it was for services rendered to the appellant. Appellant thereupon filed an affidavit of meritorious defense denying that appellee had performed services as averred. Subsequently appellee filed an additional count in which he set forth a written contract between himself and the board of education and averred that the board had wrongfully terminated his contract and discharged him; that he had performed all of the duties imposed upon him by the contract and was ready and willing to continue to perform. Upon the filing of the special count appellee withdrew his affidavit of claim. To the special count the appellant pleaded the general issue with notice of special matters of defense. The special matters of defense relied upon by the appellant were stricken by the court because they could be given in evidence under the general issue.

The cause was tried by the court without the intervention of a jury, a jury having been waived. The court found the issues in favor of appellee and rendered judgment against the appellant for the sum of $500 and costs of suit and this appeal followed.

From an examination of the record we are of the opinion there are but two questions involved of any considerable importance in the decision of this case. We are of the opinion there can be no recovery under the common counts because it is admitted that appellee rendered no services from May 11 to June 7, 1929. For that reason there is no right of recovery for services as contended for by reason of the common counts.

It is next insisted that there can be no recovery under the special count for services during a period of time which does not include the whole term of the contract. This objection is based upon the theory that if any recovery could be had by appellee at all, it must be based upon a breach of the contract.

It appears that Bowden, appellee, was employed as superintendent of schools by the board of education of School District No. 41, DuPage county, Illinois, in the spring of 1924, in which capacity he served under yearly contracts until he started to perform services under a written contract dated the 4th day of June, 1928. Among the provisions of the contract we find the following: "It is understood and agreed that said Board of Education shall cancel this contract only for incompetency, cruelty, negligence, immorality, a violation of any of the conditions of this agreement, continued ill-health, or in case the certificate of the said R. D. Bowden as a teacher or a supervisor shall be revoked by competent authority." It further appears that appellee entered upon his duties as such superintendent under said contract; that on the 18th day of April, 1929, the appellant adopted the following resolution:

"Whereas, the Board of Education of School District No. 41, DuPage County, Illinois, pursuant to authority vested in it by the Statutes of the State of Illinois, did on or about the 20th day of April A. D. 1928, enter into a contract with R. D. Bowden to act as a superintendent of schools of said school district for the period of three years commencing with the school year beginning in September 1928, and

"Whereas, it is the opinion of this Board of Education that the retention of said Bowden as superintendent is contrary to the best interests of the schools of this district,

"It is, therefore, hereby resolved by this Board of Education of School District No. 41, DuPage County, Illinois, pursuant to authority vested in it by section 127 of chapter 122 of the Revised Statutes of the State of Illinois, that the said contract between said Board of Education be and it is hereby cancelled and

determined and the said Bowden discharged as superintendent of schools of this school district.''

On the day following the adoption of the resolution appellee reported for duty as usual, going to his office and to the four school buildings where he was informed by the principals that they were not to take any further instructions from him; that he was no longer superintendent. He continued to report to his office and attempted to act as superintendent each day thereafter but on the third morning he found the lock on the door had been changed and his key would not fit, and after that he could no longer get into the office except when someone was there.

It is urged by the appellant that the special count filed by appellee does not state a cause of action, if construed as a suit for wages alleged to be due under the contract, on account of services which appellee was ready, able and willing to perform but was prevented from performing because of the alleged wrongful act of appellant in discharging appellee. This objection is based upon a line of authorities which holds where a contract of the character here involved has been breached, the recovery must be for the breach. The case relied upon in support of this contention is *Doherty v. Schipper & Block,* 157 Ill. App. 413, and affirmed in 250 Ill. 128. There can be no criticism made of the decision in *Doherty v. Schipper & Block* as applied to the facts and the pleadings. In the case relied upon last above cited it was held that where one employed for a fixed period is discharged without cause and is paid in full up to the time of his discharge, he may treat the contract as continuing in force and bring an action for breach thereof, and if such suit is not begun, or if begun before is not tried until after the time of employment has expired, he may recover the contract price of his wages for the unexpired term, less what he has earned or by the exercise of reason-

able diligence could have earned since his discharge. The rule, however, announced in *Doherty v. Schipper & Block, supra,* is not applicable in the instant cause because of the fact that the parties and the court tried the case on a different theory. It was not tried upon the theory of a rescission of the contract but that the contract was kept in force for the benefit of appellee in order that he might sue thereon.

The record shows that during the progress of the trial the following took place. Mr. Snyder was one of the attorneys for appellant and Mr. Hadley for appellee.

"Mr. Snyder: Our contention is that the plaintiff treated this contract as alive and in full force and effect.

Mr. Hadley: Yes.

Mr. Snyder: Under section 2 as provided in the contract.

Mr. Hadley: Yes.

Mr. Snyder: And we in turn are not precluded from setting up the defense under the contract.

Yes, Your Honor, where they elect to treat this contract as in existence we are entitled to show defenses to it.

Mr. Hadley: Do you contend this contract is in full force and effect?

Mr. Snyder: We have defended on the theory you are suing on." This is the colloquy between the court and counsel and in view thereof appellant cannot be heard in this court to advance a claim inconsistent with that which he presented in the trial court.

Appellee introduced evidence showing the making of the contract and his activities thereunder. He further testified that the school year closed on June 7, 1929; that he had received nine instalments on the first school year and he was suing for the tenth instalment; that there was $500 due him when he brought suit.

There is no doubt as to the rule that the law gives a party to the contract which has been rescinded on one side the right to keep it in force for the purpose of a suit. Appellee has an election to pursue either of three remedies: He may (1) treat the contract as rescinded, and recover upon *quantum meruit* so far as he has performed; or (2) keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified sue and recover under the contract; or (3) treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing, continuing the contract in force for the latter purpose only. *Lake Shore & Michigan Southern Ry. Co. v. Richards,* 152 Ill. 59.

The next question which arises, bearing upon the right of appellee to recover under the special count of the declaration, is whether or not the case was decided properly upon the facts. It has already been seen that the board of education could cancel the contract only for "incompetency, cruelty, negligence, immorality, a violation of any of the conditions of the agreement, continued ill-health, or in case the certificate of the said R. D. Bowden as a teacher or superintendent was revoked by competent authority."

The evidence tends to show that on the 28th day of March, 1929, Bowden, who had heard rumors with reference to a resolution to oust him, called on Mr. March, president of the appellant board, at his home and asked him whether or not there was such a resolution. March said he had had such a resolution in his pocket for several days. Bowden replied that it was the first he had heard of it; that he did not know there was any dissatisfaction with his work in any way and that no complaint had been made to him about anything by any member of the board or by the board

itself, and he asked on whose complaints the resolution was presented. March replied he had no grounds himself, that Mr. Richardson, a member of the board, was the author of the resolution and Richardson had told March that it was on account of a milk bill of the Natoma Farm which had remained unpaid for two years. Bowden then and there told March that the matter had been settled in May or June of 1927, and that he had given the board a complete report of the whole proceeding. Bowden then asked March if they could not have the entire matter thrashed out at the next meeting of the board and see what the difficulty was. March agreed that would be the proper thing to do. The next meeting of the board was on April 2. Nothing, however, was done at that time relative to any complaints. At that meeting March asked for reports on certain school bonds. Bowden prepared these reports and was present at the next meeting of the board on April 18. He had three or more reports. He read one, when, according to his testimony and the testimony of Mrs. Hitt, March called for the next order of business and did not give Bowden a chance to complete the reading of his other reports. At the meeting of April 18, the resolution discharging Bowden was presented. There was no discussion of it. No reasons were assigned why the resolution should be adopted. No charges were made against Bowden; he was given no hearing and was never advised of the character of the charges against him. The appellant offered no evidence showing what the charges were.

The school board at once issued orders to the principals and teachers not to receive any further orders from Bowden. Counsel stipulated that Mr. Richardson acted for the board in giving instructions to all teachers not to follow further instructions from Bowden. Bowden reported to the schools the next morning

and was advised that the principals had received orders not to follow his directions any further.

On April 20, 1929, appellee wrote to the president and members of the board of education a letter as follows: ''In view of the attempt of the Board of Education, expressed in its action at a special meeting of the Board on the evening of April 18th, to determine my contract as superintendent of the schools, I wish to state that I have fulfilled all provisions of said contract and do not concede your right to terminate said contract. I have been advised to state to you that I stand ready to continue to fulfill faithfully and efficiently all the requirements and terms of the contract which you entered into in good faith and shall continue to report to duty as usual.''

The question now arising out of the evidence is, had the appellant the right as contended to arbitrarily determine whether appellee's dismissal was in the interests of the schools. It is argued by appellee that the board of education has power to discharge a teacher when the interests of the schools require it but that it has no power to remove a superintendent under whose orders the teachers must function. This is the construction that appellee places upon the provisions of the statute defining the powers of school directors and of boards of education. Cahill's St. ch. 122, ¶ 137. We have examined the statute and without setting forth its provisions we are of the opinion that a board of education, for a sufficient cause and upon a proper showing, would have the same right to remove a superintendent as it would have to remove one employed as a school-teacher.

We cannot agree with the contention of the appellant that the board of education had an arbitrary right to determine whether appellee's dismissal was in the interests of the schools.

In *School Directors v. Reddick*, 77 Ill. 628, the teacher was discharged because she was incompetent and the court at page 629 said: "The burden of proving the incompetency of plaintiff as a teacher rested on the party alleging it. The evidence in the record on this question is quite meagre. . . .. No marked deficiency is proven in her management or government of the school, certainly nothing that would warrant the directors in discharging her for that reason. School directors cannot capriciously discharge a teacher before the expiration of the time for which he or she was employed. In the language of the statute, it must be for 'incompetency, cruelty, negligence, immorality, or other sufficient cause.' The charge in this case is incompetency. The record, in our opinion, does not contain that degree of proof that would justify a rescission of the contract."

In *Neville v. School Directors*, 36 Ill. 71, the teacher was discharged as incompetent and brought suit to recover and the court at page 73 said: "The order first spread upon the record kept by the directors, dismissing plaintiff, specifies no reason for the action of the board. A subsequent and amended order, however, was made, in which incompetency and neglect of duty are assigned as the causes. This, however, is perhaps unimportant, as such an order is not conclusive upon plaintiff, leaving the directors to prove the facts they allege in the order, precisely as if it had not been made. It is, nevertheless, binding on the directors, and estops them from showing any other or different causes."

In *Robinson v. School Directors*, 96 Ill. App. 604, the teacher was discharged and brought suit to recover salary. At page 605 the court said: "The evidence discloses the fact that the directors dismissed the plaintiff as a teacher upon what they considered a sufficient cause." At page 606 the court further said:

"Upon the whole evidence we are constrained to the conclusion that in this particular school the plaintiff failed to portray the requisite qualities of temper, discretion and fortitude of a good teacher, and thereby and by his own fault, deprived the school of the benefit of all the good qualities he commanded. It was in our opinion, under the circumstances, for the best interests of the school that his relation with it as a teacher then ceased, and the directors were justified in dismissing him, as they did, for sufficient cause."

It is quite apparent from the language used by the court in the foregoing opinions that appellee was entitled to a hearing upon the question as to whether or not the interests of the schools required that he be dismissed. When appellee presented to the court his contract and testified that he had performed all of his duties as superintendent according to the terms of the contract, except wherein he had been prevented by appellant, he was entitled to a judgment unless the appellant showed he had been lawfully discharged in the interests of the schools. After an examination of the evidence we are of the opinion that the board of education has entirely failed to establish by facts and circumstances that the interests of the schools required the adoption of the resolution in question and the rescission of the contract.

The appellant has failed to bring itself within the rule, and in view of the state of the record, we are of the opinion that the trial court was justified under the law and the evidence in finding in favor of appellee under the special count of the declaration. The judgment is affirmed.

*Judgment affirmed.*