Dorothea Hartmann, Appellee, v. The Board of Education of Westville Township High School, District No. 220 in Vermilion County, Appellant.

Gen. No. 8,761.

 Opinion filed October 13, 1933.

RALPH ROUSE, for appellant.

MANN & STIFLER and LEWMAN & CARTER, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The appellee in this case, Dorothea Hartmann, a public school teacher, sued the board of education of Westville Township High School District No. 220, in Vermilion county, for alleged unpaid salary, amounting to the sum of $500. She claims the right to recover under the terms of a contract with the appellant board. The case was determined by the court on the pleadings. The declaration filed which contains the averments of fact upon which appellee bases her rights, is as follows:

"The declaration avers: That the appellant on May 12, 1931, entered into a contract with the appellee, a teacher, to teach in the Westville Township High School; and that the contract provided:

"For general conduct of the school and preservation of the school property by the teacher.

"For employment for term of nine calendar months commencing on August 28, 1931, at the rate of Two Hundred Dollars ($200.00) per month.

"For care and maintenance of the building by the Board and payment of the monthly contract price by the Board.

" 'That in case said Teacher shall be dismissed from said School by said Board or their successors in office, for incompetency, cruelty, negligence, immorality, or a violation of any of the stipulations of this contract, or in case her certificate should be revoked by the County Superintendent of Schools, said Teacher shall not be entitled to compensation after such dismissal or revocation.'

"The acceptance of employment by appellee teacher and continuation of employment until March 15, 1932; and

"The discharge of the appellee by appellant March 15, 1932, 'without any reasonable or just cause,' and appellee's averment of willingness to continue teaching at the time of such discharge.

"TEACHER'S CONTRACT

"THIS AGREEMENT, entered into by and between the Board of Education of Westville Township High School, District No. 220 in the County of Vermilion and State of Illinois, party of the first part, hereinafter called the Board, and Dorothea Hartmann, a legally qualified teacher, party of the second part, hereinafter called the Teacher,
WITNESSETH:

"That for the consideration hereinafter set forth said Teacher agrees to teach, govern and conduct the common school of said District to the best of her ability; to keep a register of the daily attendance and studies of each pupil belonging to said school and such other records as said board may require; to make all reports required by law and to see that the school house, grounds, furniture, apparatus and such other district property as may come under the immediate care and control of said Teacher is not unnecessarily damaged or destroyed.

"That said Teacher agrees to perform the duties above specified for a term of Nine calendar months, etc., commencing on the 28th day of August, A. D. 1931 for the sum of $200.00 Dollars per month to be paid at the end of each month upon the filing with the clerk of proper schedule.

"That said Board hereby agrees to keep the school-house in repair, to provide the necessary fuel and school register, and for the services of said Teacher, as prescribed above, well and duly performed, to pay said Teacher the sum of money above specified.

"That in case said Teacher shall be dismissed from said School by said Board or their successors in office, for incompetency, cruelty, negligence, immorality, or a violation of any of the stipulations of this contract, or in case her certificate should be revoked by the County Superintendent of Schools, said Teacher shall not be entitled to compensation, after such dismissal or revocation."

The appellant filed a general and special demurrer to the declaration, which is as follows:

"And the defendant, by Rouse & Rearick, its attorneys, comes and defends, etc., when etc., and says that the said declaration and the matters therein contained in manner and form as the same are above set forth are not sufficient in law for the plaintiff to maintain her aforesaid action, and that it, the defendant, is not bound by law to answer the same; and this it is ready to verify.

"And the defendant shows to the court here the following causes of demurrer to the said declaration, viz.: That under the laws of Illinois, the defendant is given the power, among other things, to dismiss and remove any teacher whenever, in its opinion, said teacher is not qualified to teach, or whenever, in its opinion, the interests of the schools may require it; that the plaintiff's contract with the defendant was subject to this provision of the statute; that the power of the defend-

ant to dismiss and remove the plaintiff because of her lack of qualification to teach or because the interests of the schools may require it is a discretionary power vested in the defendant; and that this court has no jurisdiction to hear this cause in the absence of allegations by the plaintiff that the defendant abused its said discretion, or acted in bad faith, or was guilty of fraud, corruption, or oppression in its dismissal or removal of the plaintiff. And also that the said declaration is in other respects uncertain, informal and insufficient, etc.

"WHEREFORE, for want of a sufficient declaration in this behalf the defendant prays judgment, and that the plaintiff may be barred from maintaining her aforesaid action, etc."

The court overruled the demurrer; and the appellant elected to stand by its demurrer; whereupon the court proceeded to assess appellee's damages; and after hearing the evidence the court assessed the amount at $500, and rendered judgment therefor against the appellant. This appeal is prosecuted to reverse the judgment.

The question presented for review is based upon the action of the court in overruling appellant's demurrer, which challenges appellee's right to recover the amount of salary claimed on the ground that the averments of her declaration do not show that she has a cause of action. It is averred in the declaration that the appellee was a duly qualified teacher under the State laws; and has the legal right to engage in teaching in the public schools for compensation; that on May 12, 1931, a written contract was entered into by her with the appellant board, under the terms of which she was to teach in the Westville Township High School for a period of nine calendar months for the sum of $200 per month, conditioned however, upon her performing her duties as teacher as prescribed in the contract. The averments of the declaration are also

to the effect that the payment of appellee's compensation was conditional upon her not being dismissed from the service as teacher for incompetency, cruelty, negligence, immorality, or a violation of any of the stipulations of the contract; nor was the compensation payable in case her certificate were revoked by the county superintendent of schools. It is further averred in the declaration that the appellee accepted the employment as teacher under the contract; and continued in such employment until the 15th day of March, 1932, when the appellant board without "any reasonable or just cause" discharged her as a teacher. The charge made in the declaration, as stated above, namely, that the board discharged her without "any reasonable or just cause," amounted in legal effect to a charge that the appellant board in discharging appellee acted arbitrarily wrongfully in discharging her.

It is well settled law that a board of education cannot arbitrarily discharge a teacher before the expiration of the time for which he or she was employed; that there must be just and reasonable cause for so doing. *School Directors v. Reddick,* 77 Ill. 628; *Neville v. School Directors,* 36 Ill. 71; *Ewing v. School Directors,* 2 Ill. App. 458; *School Directors v. Ewington,* 26 Ill. App. 379; *Doyle v. School Directors,* 36 Ill. App. 653; *Leddy v. Board of Education,* 160 Ill. App. 187; *Darter v. Board of Education,* 161 Ill. App. 284; *Bowden v. Board of Education,* 264 Ill. App. 1.

If the appellant board had any just or reasonable cause for discharge of the appellee, it had a right to, and should have, pleaded such cause in defense of appellee's claim. The board elected not to do so, and stood by its demurrer which admitted the charge made. In this state of the record we are of opinion that the court properly proceeded to a hearing to assess appellee's damages, and to render judgment therefor; and the judgment is therefore affirmed.

*Affirmed.*